UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARRYL COLE** | **CIVIL ACTION NO.** |
| **VERSUS** | **SECTION** |
| | **JUDGE** |
| **OCEANEERING INTERNATIONAL, INC.** | **MAGISTRATE** |

## COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, DARRYL COLE, who respectfully represents to this Honorable Court as follows:

### I.   PARTIES

1.       Plaintiff, DARRYL COLE (hereinafter referred to as "Plaintiff"), brings this Civil Action under the Jones Act, 46 U.S.C. § 30104, *et seq.*, with pendent claims under the General Maritime Law for negligence and unseaworthiness and for maintenance and cure and/or Louisiana Civil Code Articles 2315, 2317, and/or 2317.1.  Plaintiff is a person of majority age and is a citizen of the United States and resident of the State of Louisiana, Jefferson Parish.

2.       Defendant, OCEANEERING INTERNATIONAL, INC. (hereinafter referred to as "Oceaneering" and/or "Defendant"), is a business corporation domiciled in the State of Delaware with its principal place of business in Houston, Texas, which, at all times pertinent hereto, was conducting business in Louisiana. At the time of the incident made the basis of these proceedings, Oceaneering was the Jones Act employer of Plaintiff and was the owner and/or operator of the DSV Ocean Patriot to which Plaintiff was assigned as a crane operator.

## II.      JURISDICTION & VENUE

3.      Jurisdiction exists in this Honorable Court pursuant to the Jones Act, 46 U.S.C. § 30104 and General Maritime Law, and/or 28 U.S.C. Section 1333.

4.      Venue is proper pursuant to 28 U.S.C. Section 1391(b)(2).

## III.      FACTS & ALLEGATIONS

5.      Plaintiff, DARRYL COLE, is a crane operator who at the time of this incident and for months prior was working for Oceaneering and assigned to the DSV Ocean Patriot, which was operating in the navigable waters of the Gulf of Mexico near Port Fourchon, Louisiana.

6.      Although Huisman North America Services (hereinafter referred to as "Huisman") is the direct employer of Plaintiff, Oceaneering is the Jones Act employer of Plaintiff, who was a seaman and member of the crew of the DSV Ocean Patriot, and was at all relevant times a borrowed employee of Oceaneering and was essential to the mission, purpose, and function of the vessel as one of three crane operators, of which the other two were employed directly by Oceaneering.

7.      Oceaneering is the owner and/or operator of the DSV Ocean Patriot, a 240-foot saturation diving support vessel.

8.      On or about the night of February 17, 2021, Plaintiff began feeling lightheaded, became dizzy and vomited in the trash can in his quarters.

9.      Around 2:00 AM that same night, February 18, 2021, Plaintiff again felt sick and vomited. Around 5:30 AM Plaintiff reported to the captain that he was feeling pain and numbness in his head, eyes, and neck, and was also experiencing dizziness, lightheadedness, and nausea.

10.      As a result of these symptoms, Plaintiff asked to see the medic.

11.      Around 6:00 AM on February 18, 2021, Plaintiff reported his symptoms to the medic who examined Plaintiff and diagnosed Plaintiff with seasickness and an abscess in his

mouth. Plaintiff related to the medic that he did not think his pain and numbness from his neck to

his eyes was related to an abscess, and told the medic that the swollen area in his mouth to which

the medic was referring had always been like that, ever since Plaintiff had had a tooth pulled. The

medic nevertheless maintained his diagnosis and administered an anti-biotic and medicine for

seasickness and advised that Plaintiff get some rest.

12.      For the remainder of the day on February 18 through February 19, 2021, the vessel

was down due to bad weather. During this time, Plaintiff stayed in bed but his symptoms remained

and worsened. Plaintiff continued to complain to the medic who was checking in on him

continuously and suspected that he just had seasickness, despite Plaintiff informing him that he

was a career mariner who did not get seasick. The medic continued to give Plaintiff crackers, anti-

biotics, and seasickness pills.

13.      On February 20, 2021, Plaintiff thought he felt good enough to relieve another crane

operator for about a half hour so that the other crane operator could go have dinner, after which he

returned to his bed.

14.      On February 21, 2021, Plaintiff tried to work his shift but around 9:00 AM while

changing out some absorbent pads on a leak on the back of the crane, he again began feeling dizzy,

lightheaded, nauseated, and had the same pain/numbness from his neck to eyes. Plaintiff vomited,

became delusional, and fell in and out of consciousness during this time. During this time. the

medic suspected that Plaintiff may have had COVID-19. Plaintiff tested negative twice during this

time but the medic nevertheless continued to check Plaintiff's temperature.

15.      Around 3:00 PM February 21, 2021, Plaintiff was finally flown back to shore and

taken directly to the emergency room, and it was then determined that Plaintiff had experienced a

stroke, not seasickness, COVID-19 or abscess-related pain.

16.     Oceaneering owed Plaintiff a non-delegable duty to provide a safe place to work and/or a safe and seaworthy vessel, which duties were breached.

17.     Oceaneering failed to provide Plaintiff safe and sufficient gear and/or proper appurtenances with which to perform his duties; failed to supply an adequate and/or competent crew; required Plaintiff to perform his duties under unsafe conditions; and committed other acts of negligence which will be shown at the trial of this matter.

18.     Oceaneering failed to take all reasonable steps to ensure that Plaintiff, once he exhibited obvious signs of a stroke, received proper care and treatment.

19.     Plaintiff requests that Oceaneering preserve all evidence regarding the claims herein, including but not limited to photographs, video, logs, records, incident reports, and/or other related documents.

## IV.     CAUSES OF ACTION

### FIRST COUNT – JONES ACT NEGLIGENCE

20.     Plaintiff brings this action against Oceaneering under the provisions of the statutes of the United States, more particularly the Jones Act, 46 U.S.C. § 30104, *et seq.*

21.     Under the Jones Act, Oceaneering owed Plaintiff a safe place to work, which duty was violated through the negligence of Oceaneering, its officers, agents, and/or employees.

22.     Plaintiff's injuries and damages were the proximate result of Oceaneering's negligent acts or omissions in the maintenance and operation of the vessel(s) and in the planning, implementation, and supervision of the operations conducted at the time of the incident.

23.     Oceaneering was negligent in failing to provide Plaintiff with a safe work environment, an adequate and competent crew, proper and adequate training to Plaintiff and his fellow crew members, proper planning, implementation, and supervision of operations, safe and

sufficient gear, equipment, and appurtenances, and other acts/omissions which will be shown at trial.

## SECOND COUNT – GENERAL MARITIME LAW
## NEGLIGENCE AND UNSEAWORTHINESS

24.     At all times pertinent hereto, Oceaneering owned, controlled, and/or operated the DSV Ocean Patriot.

25.     Plaintiff additionally and/or alternatively alleges that Oceaneering is liable to Plaintiff under the General Maritime Law for negligence and/or unseaworthiness.

26.     Under the General Maritime Law, it was Oceaneering's duty to provide Plaintiff a safe place in which to work, including, but not limited to, safe gear, appurtenances, equipment, and a properly manned and maintained vessel, and to conduct operations aboard the vessel(s) in a safe and proper manner.

27.      Oceaneering was negligent in the operation and maintenance of the DSV Ocean Patriot, which caused and/or contributed to Plaintiff's injuries.

28.     Plaintiff further contends that Oceaneering is liable for breach of the warranty of seaworthiness, extending to the vessel or vessels involved herein, including any and all crew, gear, and appurtenances, and that the vessel or fleet of vessels involved herein as set out hereinabove were unseaworthy including, but not limited to, Oceaneering's failure to provide Plaintiff with a safe place to work, failure to provide safe and sufficient gear and/or appurtenances with which to perform his duties, failure to provide proper safety equipment and training and/or failure to provide a sufficient and/or competent crew, all of which proximately caused and/or exacerbated the injuries sustained by Plaintiff.

## THIRD COUNT – GENERAL MARITIME LAW MAINTENANCE & CURE

29.     Plaintiff additionally alleges that Oceaneering is liable for maintenance and cure

under the General Maritime Law.

30.     At the time of the incident and injuries to Plaintiff made the basis of this litigation, Plaintiff was assigned to, at the call of, and/or in the service of the DSV Ocean Patriot.

31.     Plaintiff was at work and actually performing work on the vessel(s) for his Jones Act employer, Oceaneering, and earning wages and, subsequent to the injuries sued upon herein, Plaintiff has had to seek medical attention and has been unable to work.

32.     Oceaneering failed to take all reasonable steps to ensure that Plaintiff, once he exhibited obvious signs of stroke, received proper care and treatment.

33.     Oceaneering's failure to take all reasonable steps to ensure that Plaintiff received proper care and treatment was wanton and willful, arbitrary and capricious and/or callous and recalcitrant.

34.     Plaintiff is entitled to a minimum maintenance rate of $50/day from the date of his injury until he reaches maximum medical improvement.

35.     Plaintiff is entitled to cure in the form of medical treatment from a doctor, doctors, or other medical providers of his choosing until he reaches maximum medical improvement.

36.     Plaintiff is entitled to attorney's fees, costs and punitive damages for Oceaneering's failure to provide him with proper care and treatment once he became ill.

### FOURTH COUNT – LOUISIANA STATE LAW NEGLIGENCE

37.     Plaintiff additionally and/or alternatively alleges that Oceaneering is liable for negligence under Louisiana Civil Code Articles 2315, 2317, and/or 2317.1, which negligence caused Plaintiff's injuries, and all other laws, statutes, industry customs and regulations applicable to this case.

38.     Oceaneering had a duty to provide Plaintiff with the following non-exclusive

particulars regarding Plaintiff's work on the DSV Ocean Patriot:

(a)      a safe place to work;

(b)      safe and sufficient gear, tools, and/or appurtenances with which to perform his duties;

(c)      proper safety equipment;

(d)      a sufficient and or competent crew to supervise Plaintiff's activities; and,

(f)      appropriate training.

39.      Oceaneering breached its duty to Plaintiff by requiring him to perform his duties without providing safe and sufficient gear, tools, and/or appurtenances with which to perform his duties, proper safety equipment, a sufficient crew, appropriate supervision and/or appropriate training, and/or by other shortcomings which caused an unsafe place to perform Plaintiff's duties.

40.      Oceaneering's breach of its duty to Plaintiff was a substantial factor and/or cause in fact of Plaintiff's injuries.

41.      The incident and injuries to Plaintiff made the basis of this litigation are directly within the scope of protection afforded by the duties attributed to Oceaneering, which were breached.

42.      As a direct result of Oceaneering's breach of duties owed to Plaintiff, Plaintiff has been injured in fact, sustaining damages to his mind and body.

## V.      DAMAGES

43.      Plaintiff, by virtue of the injuries sustained in the incident sued upon herein, has sustained damages, for which Oceaneering is liable, as follows:

a.      Past, present, and future loss of wages, fringe benefits and wage-earning capacity;

b.      Past, present, and future medical expenses;

c.      Past, present, and future physical pain and suffering;

d.      Past, present, and future mental pain and suffering;

e.      Permanent disability;

f.      Loss of enjoyment of life;

g.      Attorneys' fees and costs;

h.      Punitive damages for failure to provide proper medical care and treatment;

i.      Punitive damages for failure to provide maintenance and cure; and,

j.      All other special and general damages as will be shown at the trial of this matter.

## VI.      <u>PRAYER FOR RELIEF</u>

44.      **WHEREFORE**, Plaintiff prays for a trial by jury and for judgment herein against

OCEANEERING INTERNATIONAL, INC. for damages as are reasonable in the premises and

for all costs of these proceedings.

45.      Plaintiff further prays for all general and equitable relief.

Dated:  July 15, 2021                      All of which is respectfully submitted,

                                           /s/ Cayce Peterson
                                           CAYCE PETERSON (LA Bar #32217)
                                           JEFF GREEN (LA Bar #30531)
                                           JIMMY COURTENAY (LA Bar #31681)
                                           GRANT WOOD (LA Bar #36302)
                                           **JJC Law LLC**
                                           3914 Canal St.
                                           New Orleans, Louisiana 70119
                                           T: (504) 513-8820
                                           cayce@jjclaw.com
                                           jeff@jjclaw.com
                                           jimmy@jjclaw.com
                                           grant@jjclaw.com

                                           MICHAEL MAHONE, JR. (LA Bar #32567)
                                           **The Mahone Firm LLC**
                                           5190 Canal Blvd., Suite 102
                                           New Orleans, Louisiana 70124
                                           T: (504) 564-7342
                                           mike@mahonefirm.com

                                           Counsel for Plaintiff, Darryl Cole