UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DARRYL COLE** | * | **CIVIL ACTION NO. 2:21-CV-01348** |
| | * | |
| | * | **SECTION: D (3)** |
| **VERSUS** | * | |
| | * | |
| | * | **JUDGE: WENDY B. VITTER** |
| **OCEANEERING INTERNATIONAL, INC.** | * | |
| | * | **MAG. JUDGE: DANA M. DOUGLAS** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF HUISMAN NORTH AMERICAN SERVICES, LLC'S CROSS-MOTION FOR SUMMARY JUDGMENT ON CROSS-CLAIM BY PHARMA-SAFE, INC.**

Huisman North America Services ("Huisman") submits its Memorandum in Support of Huisman's Cross-Motion for Summary Judgment on Cross Claim by Pharma-Safe, Inc. ("Pharma-Safe"). As discussed below, recent discovery confirms there is no evidence that Daryl Cole ("Plaintiff's) illness "arises out of or is incident to the Services" Huisman agreed to provide.

**A. Huisman incorporates its prior Memoranda on pending Summary Judgment motions.**

As discussed during the Status Conference of March 13, 2013, Huisman incorporates herein its Memorandum in Opposition to Motion for Summary Judgment (Rec. Doc. 139). If the Court finds *either* (1) that Pharma-Safe is not a member of "Company Group" *or* (2) that Plaintiff's claims do not "arise out of" and are not "incident to" Huisman's Services, as previously argued, the Court should enter judgment in Huisman's favor on Pharma-Safe's Cross-Claim.

In addition, or in the alternative, Oceaneering and Huisman have submitted Cross-Motions for Summary Judgment on whether Huisman's indemnity obligations are defined by the Mutual Waiver and Indemnity Agreement (the "MSA") or by Oceaneering's Purchase Order Terms and Conditions. *See* Rec. Docs. 54, 57. If the Court finds that the Purchase Order controls, as

1

Oceaneering argues, then Huisman is entitled judgment on Pharma-Safe's Cross-Claim because: (1) the Purchase Order does not define a "Company Group" and does not extend any indemnities to third-parties; and (2) Pharma-Safe has not pled any claim under those terms.

Huisman believes there is no dispute that these outcomes would follow from such findings.

**B.    Plaintiff's illness did not arise out of and was not incident to Huisman's services.**

Further to Huisman's incorporated Memorandum in Opposition (Rec. Doc. 139), recent discovery confirms that there is no material fact in dispute, and that Plaintiff's illness does not arise out of Huisman's services. In its MSA with Oceaneering, Huisman agreed to indemnity limited for:

> Claims… brought by any person or party, for injury to, illness or death of any member of the Contractor Group… [that] arises out of or is incident to the Services.

The party seeking to enforce an indemnity provision "bears the burden of proving the existence **and applicability** of the indemnity provision it seeks to enforce." *E.g.*, *Freeman v. Witco Corp.*, 108 F.Supp.2d 643, 645 (E.D.La. 2005) (emphasis added). To fall within the MSA's indemnity provision, Pharma-Safe must therefore allege and prove that Plaintiff's illness "arises out of or is incident to the Services." Pharma-Safe's Cross-Claim does **not** allege that Plaintiff's alleged illness "arises out of or is incident to the Services" Huisman agreed to provide, nor does it allege any facts at all about Plaintiff's illness that would support such a finding. On that basis alone, judgment on Pharma-Safe's cross claim may be entered under Rule 12(c).

In furtherance of its defense that Plaintiff's claims arise out of the alleged medical negligence of Pharma-Safe *and not out of Huisman's services*, Huisman sent the following Request for Admission to Pharma-Safe and received the following response:

2

> **Request for Admission No. 9:** Admit or deny that Plaintiff's claims arise out of the provision of medical services by Pharma-Safe, its agent(s) and/or employee(s).
> **Response:** Denied.

Huisman's Interrogatory No. 13 then asked Pharma-Safe the basis for its denial:

> **Interrogatory No. 13:** If your response to Huisman's Request for Admission No. 9 is anything other than "admit", state any and all bases for such response.
> **Response:** Plaintiff's claim arise [sic] out of a matter of nature in that he was suffering a stroke.

Pharma-Safe repeated the same exact thing four times in response to four separate interrogatories: **"Plaintiff's claims arise out of matter of nature in that he was suffering a stroke."** Conversely, Pharma-Safe never once indicated in discovery that Plaintiff's illness arose out of the services Huisman agreed to provide. Even when specifically asked to "[s]tate all bases upon which you contend Huisman owes defense and/or indemnity… to Pharma-Safe for Plaintiff's alleged injuries," Pharma-Safe's answer did not include any suggestion that Plaintiff's illness arose from or was incident to Huisman's services. Exhibit A, Interrogatory No. 1.

Huisman asked Pharma-Safe in other Interrogatories to explain other denials to Requests for Admission. Pharma-Safe's answers with extremely telling statements like: **"[I]t is denied that plaintiff's alleged injury or illness was caused by crane services performed aboard the DSV OCEAN PATRIOT"**; and **"Plaintiff's work aboard the OCEAN PATRIOT was not the proximate cause [sic] injury/illness in that his claim arise out of a matter of nature in that he was suffering a stroke."** Exhibit A, at Nos. 15, 18. Thus, Pharma-Safe affirmatively denied any connection between Plaintiff's illness and either the location Huisman's services were performed or the services themselves.

In further search for evidence that Plaintiff's illness "arises out of or is incident to the Services", Huisman obtained the following interrogatory answers from Pharma-Safe:

3

> **Interrogatory No. 5:** Identify and describe any and all evidence that Plaintiff's presence onboard the OCEAN PATRIOT caused or contributed to his alleged injuries.
> **Response:** None.
>
> **Interrogatory No. 6:** Identify and describe any and all evidence that Plaintiff's alleged injuries resulted directly or indirectly from any work he was onboard the OCEAN PATRIOT to perform.
> **Response:** None.

Exhibit A, No2. 5-6. Huisman reiterates that *International Marine, L.L.C. v. Integrity Fisheries, Inc.*, 860 F.3d 754 (5th Cir. 2017) and the other cases cited in Huisman's prior memoranda establish that "arising out of or incident to" requires a causal connection *of some sort* between an injury and a performance to trigger indemnity. While instructive, even those cases dealing with injuries caused by an accident do not squarely address the level of disconnect between Plaintiff's stroke (a "matter of nature") and Huisman's services. Basic rules of contract interpretation, however, fill any gap.

Fundamentally, "[t]he terms of a contract are read as a whole to determine the intention of the parties and are given their plain, ordinary and usual meaning." E.g.*, Conagra Trade Group, Inc. v. AEP Memco, LLC*, No. 07-2222, 2009 WL 2023174, at *3 (E.D.La. Jul. 9, 2009) (citing *Weathersby v. Conoco Oil Co.*, 752 F.2d 953, 955 (5th Cir. 1984)) (emphasis added). The Fifth Circuit endorses dictionaries, and specifically Black's Law Dictionary, as sources of words' "ordinary meaning." *E.g.*, *Camacho v. Ford Motor Co.*, 993 F.3d 308, (5th Cir. 2021).

Black's Law Dictionary defines "arise" as "to originate; to stem (from)" or "to result (from)." *See Arise*, Black's Law Dictionary (11th ed. 2019). Similarly, "incident" means "**dependent on**, subordinate to, **arising out of**, **or otherwise connected with**," such that Black's defines "**incident to** employment" as **"**a risk that is **related to or connected with a worker's job duties."** *Id.* (defining "Incident" and "Incident to Employment"). An obvious theme emerges: the plain, ordinary and usual meaning of an illness that "arises", "arises out of", or "is incident to" a

4

job (or "Services") is that the illness "stems from," "results from," is dependent on," and involves "a risk that is related to or connected with a worker's job duties" or the "Services." In Pharma-Safe's own words, the undisputed facts are that Plaintiff's illness "arises out of a matter of nature," was not caused by "Plaintiff's work aboard the OCEAN PATRIOT," and was not "caused by crane services." Pharma-Safe admits that there is no evidence that Plaintiff's illness was "caused *or contributed to* by his presence onboard the OCEAN PATRIOT," nor that it "resulted directly *or indirectly* from any work he was onboard… to perform." Interpreting the MSA's indemnity provision to encompass an illness under those uncontested circumstances would read the MSA's limiting language completely out of existence. Because doing so violates another fundamental rule of contract interpretation, it is not a reading the Court should adopt. Accordingly, Pharma-Safe cannot show any dispute as to a material fact required for its Cross Claim against Huisman to succeed, and Huisman is entitled to judgement as a matter of law.

## CONCLUSION

Summary judgment in Huisman's favor on Pharma-Safe's Cross-Claim is warranted.

Respectfully Submitted:

*/s/ Alan R. Davis*
Alan R. Davis, T.A. (La. Bar No. 31694)
Lorin R. Scott (La. Bar No. 38888)
**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone No: (504) 568-1990
Facsimile No: (504) 310-9195
Email: adavis@lawla.com
          lscott@lawla.com
*Counsel for Huisman North America Services, LLC*