## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**DARRYL COLE**                                      **CIVIL ACTION**

**VERSUS**                                            **NO. 21-1348**

**OCEANEERING INTERNATIONAL, INC.**            **SECTION: D (5)**

### ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment, filed by defendant, Oceaneering International, Inc. ("Oceaneering").[1] Plaintiff, Daryl Cole, opposes the Motion,[2] and Oceaneering has filed a Reply.[3]

After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED** and Cole's Jones Act claims asserted against Oceaneering are **DISMISSED WITH PREJUDICE.**

## I.    FACTUAL AND PROCEDURAL BACKGROUND[4]

In this maritime personal injury case, the issue before the Court is whether Cole is a Jones Act seaman. Pertinent to the instant Motion, Daryl Cole alleges that while working as a crane operator aboard the M/V OCEAN PATRIOT, which was owned and operated by Oceaneering, he suffered a stroke that was misdiagnosed by the onboard medic.[5] Cole filed this suit against Oceaneering, asserting claims for

---

[1] R. Doc. 45.

[2] R. Doc. 58.

[3] R. Doc. 80.

[4] The factual background of this case was extensively detailed in the Court's March 31, 2023 Order and Reasons granting in part and denying in part Huisman North America Services, LLC's Motion for Judgment on the Pleadings or, Alternatively, Motion for Partial Summary Judgment (R. Doc. 189) and, for the sake of brevity, will not be repeated here

[5] *See,* R. Doc. 19.

Jones Act negligence, general maritime law negligence and unseaworthiness, general maritime law maintenance and cure, and negligence under Louisiana law.[6]

In the instant Motion for Partial Summary Judgment, Oceaneering seeks the dismissal of Cole's Jones Act claim alleging that Cole does not qualify as a Jones Act seaman because he lacked the requisite connection to a vessel, or an identifiable group of vessels, at the time of his alleged injuries.[7]  Oceaneering claims that to prove seaman status, a plaintiff must show: (1) his duties contributed to the function of the vessel or to the accomplishment of its mission; and (2) he has a connection to a vessel in navigation, or to an identifiable group of such vessels, that is substantial in terms of both its duration and its nature.[8]  Oceaneering contends that courts have routinely held that an appropriate rule of thumb is that a worker who spends less than about 30% of his time in the service of a vessel in navigation should not qualify as a seaman under the Jones Act.[9]  Relying upon that rule, Oceaneering asserts that Cole cannot satisfy the "substantial connection" requirement because the undisputed facts show that he spent less than 10% of his employment with Huisman North American Services ("Huisman") working aboard Oceaneering's vessel.[10]

Oceaneering claims that Cole was employed by Huisman as a crane operator from approximately November 1, 2017 until February 21, 2021, or for about 1209 days, and that Huisman assigned Cole to work aboard Oceaneering vessels on only

---

[6] R. Doc. 1 at ¶¶ 20-42; R. Doc. 19 at ¶¶ 24-45.
[7] R. Doc. 45.
[8] R. Doc. 45-1 at p. 4 (quoting *Crochet v. Morton Salt, Inc.*, 433 F.3d 977, 984 (W.D. La. 2020)) (internal quotation marks omitted).
[9] R. Doc. 45-1 at pp. 4-5 (quoting *Crochet*, 433 F.3d at 984-85) (internal quotation marks omitted).
[10] R. Doc. 45-1 at pp. 5, 8-9 & 10.

two occasions for a total of 48 days.[11]  Oceaneering notes that Cole spent 462 days working aboard vessels owned and operated by a non-party to this suit during his three years of employment with Huisman.[12]  Oceaneering asserts that Cole was not a member of any Oceaneering crew and that his assignments to vessels were temporary and sporadic based upon the specific needs of Huisman's clients at any given time.[13]  Alternatively, Oceaneering asserts that Cole cannot satisfy the first prong of the seaman status test because he cannot show that his work as a crane operator contributed to the function of the M/V OCEAN PATRIOT.[14]

Cole asserts that the Motion should be denied because he was a member of the crew of the M/V OCEAN PATRIOT "to which he was to be assigned for four straight hitches and on which he spent 100% of his working time onboard the vessel performing the duties of a crane operator which were essential to the mission and purpose of the vessel."[15]  Cole concedes that he has been a direct employee of Huisman since November 2017, but claims that he "was assigned to a Hornbeck Offshore Services LLC ('Hornbeck') vessel for his first 19 hitches while working for Huisman and then to the Oceaneering [M/V] OCEAN PATRIOT for his next four hitches after that, with the possibility that he could be assigned to the OCEAN PATRIOT beyond those four hitches."[16]  Cole asserts that during each hitch, he spent "100% of his working time on vessels, most of that time at sea."[17]  Cole argues that he is a Jones

---

[11] *Id*. at p. 5 (*citing* R. Doc. 45-3).
[12] R. Doc. 45-1 at p. 5 (*citing* R. Doc. 45-3).
[13] R. Doc. 45-1 at pp. 5 & 6.
[14] *Id*. at pp. 10-11.
[15] R. Doc. 58 at p. 1.
[16] *Id*. at pp. 2-3 (*citing* R. Doc. 45-3).
[17] R. Doc. 58 at p. 3 (*citing* R. Doc. 58-12).

Act seaman because his work as a crane operator was essential to the purpose of the vessel, which was a diving support vessel, and because he meets the "substantial connection" test as a crew member of the M/V OCEAN PATRIOT who spent all of his working time aboard the vessel.[18]

In response, Oceaneering asserts that there is no evidence before the Court to indicate that Cole would be assigned to the M/V OCEAN PATRIOT for any additional hitches beyond the hitch at issue in this case.[19]   Turning to the "substantial connection" requirement of the Jones Act seaman test, Oceaneering asserts that the relevant consideration is not the amount of time that Cole spent aboard vessels, generally, but the amount of time he spent aboard vessels under Oceaneering's common ownership or control.[20]   Oceaneering points out that Cole's Opposition brief ignores the Fifth Circuit's most recent case on this issue, *Sanchez v. Fabricators of Texas, LLC*, cited in Oceaneering's Motion, wherein the Fifth Circuit reiterated that a plaintiff must show that 30% of his work was spent aboard vessels under the common ownership or control of his employer.[21]   Oceaneering maintains that Cole cannot meet this 30% threshold, as he spent less than 10% of his time aboard Oceaneering vessels while employed with Huisman.[22]   Oceaneering then distinguishes the two unreported cases cited by Cole in his Opposition brief, and further asserts that the evidence before the Court shows that Cole was never

---

[18] R. Doc. 58 at pp.  3 & 4-10.
[19] R. Doc. 80 at p. 1.
[20] *Id*. at p. 2.
[21] *Id*. at pp. 2-3 (citing *Sanchez*, 997 F.3d 564 (5th Cir. 2021)).
[22] R. Doc. 80 at pp. 3-4.

permanently assigned to an Oceaneering vessel.[23]  Oceaneering asserts that, at best, the evidence shows that Cole's connection to the vessels he worked aboard while employed by Huisman was transitory and sporadic.[24]  Oceaneering also asserts that Cole's self-serving affidavit is insufficient to defeat summary judgment.[25]

## II.   LEGAL STANDARD

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[26]  A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.[27]  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[28]  This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.[29]  Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element

---

[23] *Id*. at pp. 5-6.
[24] *Id*. at p. 6.
[25] *Id*. at pp. 6-7.
[26] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986).
[27] *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552.
[28] *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.
[29] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

essential to that party's case and on which that party will bear the burden of proof at trial.[30]  In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.[31]

## III.  ANALYSIS

The Jones Act grants a "seaman" injured in the course of employment a cause of action against his employer in negligence.[32]  "A plaintiff claiming the benefits of the Jones Act bears the burden of establishing seaman status."[33]  To prove seaman status, a plaintiff must show that: (1) his duties contribute to the function of the vessel or to the accomplishment of its mission; and (2) he has a connection to a vessel in navigation, or to an identifiable group of such vessels, that is substantial in terms of both its duration and its nature.[34]  "In deciding whether there is an identifiable group of vessels of relevance for a Jones Act seaman-status determination, the question is whether the vessels are subject to common ownership or control."[35]  According to the Supreme Court, the first factor "is very broad: 'All who work at sea in the service of a ship' are *eligible*  for seaman status."[36]  In contrast, the purpose of

---

[30] *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2552.

[31] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

[32] *Sanchez v. Smart Fabricators of Texas, LLC*, 997 F.3d 564, 568-69 (5th Cir. 2021) (en banc) (*citing* 46 U.S.C. § 30104).

[33] *Crochet v. Morton Salt, Inc.*, 433 F. Supp. 3d 977, 984 (W.D. La. 2020) (citing *Becker v. Tidewater, Inc.*, 335 F.3d 376, 390 (5th Cir. 2003)).

[34] *Chandris, Inc. v. Latsis*, 515 U.S. 347, 368, 115 S.Ct. 2172, 132 L.Ed.2d 314 (1995) (citations omitted); *Sanchez*, 997 F.3d at 570-74.

[35] *Harbor Tug and Barge Co. v. Papai*, 520 U.S. 548, 557, 117 S.Ct. 1535, 1541, 137 L.Ed.2d 800 (1997).

[36] *Chandris*, 515 U.S. at 368, 115 S.Ct. 2190 (quoting *McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337, 354, 111 S.Ct. 807, 817, 112 L.Ed.2d 866 (1991)) (emphasis in original).

the "substantial connection" requirement is to "separate the sea-based maritime employees who are entitled to Jones Act protection from those land-based workers who have only a transitory or sporadic connection to a vessel in navigation, and therefore whose employment does not regularly expose them to the perils of the sea."[37]   Stated another way, "The duration of a worker's connection to a vessel and the nature of the worker's activities, taken together, determine whether a maritime employee is a seaman because the ultimate inquiry is whether the worker in question is a member of the vessel's crew or simply a land-based employee who happens to be working on a vessel at a given time."[38]

### A. Cole's Duties as a Crane Operator Contributed to the Function of the M/V OCEAN PATRIOT and to the Accomplishment of its Mission.

There is no dispute that the M/V OCEAN PATRIOT was a vessel in navigation. As to the "threshold requirement" of the Jones Act seaman status test,[39] Oceaneering asserts that the Fifth Circuit held in *Adams v. All Coast, LLC* that a crane operator, like Cole, is not qualified as a seaman because his duties do not aid the vessel as a means of transportation.[40]   The Court, however, agrees with Cole that Oceaneering's reliance upon *Adams* is misplaced, as the issue before the Fifth Circuit was whether the plaintiffs were correctly classified as seaman by their employer and, therefore, exempt from the overtime pay rules in the Fair Labor Standards Act ("FLSA").[41]   In

---

[37] *Chandris*, 515 U.S. at 368, 115 S.Ct. at 2190.
[38] *Id.*, 515 U.S. at 370, 115 S.Ct. at 2190-2191.
[39] *Id.*, 515 U.S. at 368, 115 S.Ct. at 2190.
[40] R. Doc. 45-1 at p. 10 (citing *Adams*, 15 F.4th 365, 373 (5th Cir. 2021)).
[41] *Adams*, 15 F.4th at 367-68.

addressing that issue, the Fifth Circuit looked to the Department of Labor's regulations and explained that, "an employee is a seaman if: '(1) the employee is subject to the authority, direction, and control of the master; and (2) the employee's service is primarily offered to aid the vessel as a means of transportation, provided that the employee does not perform a substantial amount of different work.'"[42]  The facts of this case are clearly distinguishable from those in *Adams*, as this case does not involve a claim for overtime pay under the FLSA.  Oceaneering offers no other argument in support of its position that Cole's duties as a crane operator aboard the M/V OCEAN PATRIOT did not aid the vessel in its function or mission.

In his Opposition brief, Cole asserts that the M/V OCEAN PATRIOT is a 240-foot saturation diving support vessel with a 40-ton knuckle boom crane, and that typical projects for the vessel include "underwater salvage operations, platform and stub removal, remotely operated underwater vehicle ("ROV") and diving support services, pipeline riser and subsea work, platform jacket repairs and other offshore subsea and surface inspection, maintenance, repair and installation operations."[43]  Cole asserts that the crane "is essential to most if not all of these projects and is operated by three crane operators, all of which (including Mr. Cole) are listed as crew members in the OCEAN PATRIOT's Daily Vessel Log."[44]  Oceaneering does not address these assertions in its Reply brief, nor has Oceaneering directed the Court to

[42] *Adams*, 15 F.4th at 369 (quoting *Coffin v. Blessey Marine Servs., Inc.*, 771 F.3d 276, 281 (5th Cir. 2014)).
[43] R. Doc. 58 at p.3 (*citing* R. Doc. 58-8).
[44] R. Doc. 58 at p. 3 (*citing* R. Doc. 58-9).

any evidence contradicting Cole's assertions.[45]  Based upon the undisputed evidence before the Court, the Court finds that Cole's work as a crane operator contributed to the function of the M/V OCEAN PATRIOT and to the accomplishment of its mission. As such, Cole satisfies the first requirement for seaman status under the Jones Act.

### B. Cole Does Not Meet the Substantial Connection Test.

To satisfy the "substantial connection" requirement of the seaman status test, a plaintiff must show that his connection to a vessel in navigation, or to an identifiable group of vessels, is substantial in terms of both its duration and its nature.[46]  As to the duration element, the general "rule of thumb" is that a worker who spends less than 30% of his employment time in the service of a vessel in navigation is not a seaman.[47]  In the instant case, the parties dispute how to apply the 30% rule.  Oceaneering asserts that Cole does not satisfy the substantial duration test because he spent less than 10% of his three-year employment with Huisman working aboard Oceaneering's vessel.[48]  Specifically, Oceaneering asserts that Cole was employed by Huisman as a crane operator from November 1, 2017 through February 21, 2021, and during that roughly three-year period (1209 days), Cole spent 510 days working aboard offshore vessels.[49]  Oceaneering asserts that of those 510 days that he worked offshore for Huisman, Cole worked aboard Oceaneering vessels

---

[45] *See, generally*, R. Doc. 80.

[46] *Sanchez v. Smart Fabricators of Texas, LLC*, 997 F.3d 564, 571 (5th Cir. 2021) (quoting *Chandris, Inc. v. Latsis*, 515 U.S. 347, 368, 115 S.Ct. 2172, 132 L.Ed.2d 314 (1995)) (internal quotation marks omitted).  *See, Sanchez v. American Pollution Control Corp.*, 542 F. Supp. 3d 446, 450 (E.D. La. June 4, 2021) (Barbier, J.) (citing *Chandris*, 515 U.S. at 371, 115 S.Ct. 2172) ("There are two facets to the substantial connection requirement: duration and nature.  Both must be satisfied.")

[47] *Sanchez*, 542 F. Supp. 3d at 540 (citing *Chandris*, 515 U.S. at 371, 115 S.Ct. 2172).

[48] R. Doc. 45-1 at p. 5.

[49] *Id*. at p. 8 (*citing* R. Doc. 45-3).

on two occasions for a combined total of 48 days, which is less than 10% of his time spent aboard vessels "**and <u>less than .04% of his overall period of employment</u>**" with Huisman.[50]

In contrast, Cole looks at how he spent his time aboard the Oceaneering vessels, and repeatedly asserts that he "spent 100% of his working time" aboard a vessel, performing tasks essential to the mission and purpose of the vessel, and that he is not a land-based worker.[51] Cole claims that he was scheduled for two additional hitches on the M/V OCEAN PATRIOT and that, given the facts and the law, "there can be no doubt that Mr. Cole was assigned as a crew member to the OCEAN PATRIOT."[52] Cole asserts that he was a member of the M/V OCEAN PATRIOT's crew because he was listed as a crew member in the Daily Vessel Logs and was treated the same as the two other crane operators aboard the vessel who were directly employed by Oceaneering.[53]

The most recent authority on this issue is *Sanchez v. Smart Fabricators of Texas, LLC*, a unanimous, en banc decision from the Fifth Circuit in which the court overhauled its precedent regarding the "substantial in nature" element of the substantial connection test and concluded that the plaintiff-welder did not satisfy that aspect of the Jones Act seaman test.[54] In doing so, however, the Fifth Circuit also addressed the duration element of the substantiality requirement. The *Sanchez*

---

[50] R. Doc. 45-1 at p. 5 (*citing* R. Doc. 45-2 at p. 1; R. Doc. 45-3); R. Doc. 45-1 at pp. 8-9 (emphasis in original).
[51] R. Doc. 58 at pp. 1, 3, 4, 6, 8, & 11.
[52] R. Doc. 58 at pp. 7-8 (*citing* R. Doc. 58-10).
[53] R. Doc. 58 at pp. 8-9 (*citing* R. Docs. 58-12 & 58-7 at p. 5).
[54] 997 F.3d 564, 574 (5th Cir. 2021); *See, Sanchez v. American Pollution Control Corp.,* 542 F. Supp. 3d 446, 454 (E.D. La. 2021) (citing *Sanchez,* 997 F.3d 564).

court found that the plaintiff in that case had worked for the defendant "for a total of 67 days between August 2017 and August 2018," but that six of those days were spent working on welding jobs on land or on vessels irrelevant to his status of a seaman because they were not owned or controlled by his alleged Jones Act employer.[55]  The Fifth Circuit noted that, "Sanchez spent the remaining 61 days – those pertinent or our inquiry – on two different jack-up drilling rigs owned by Enterprise: the Enterprise WFD 350 and the Enterprise 263."[56]  The Fifth Circuit found that the plaintiff had spent 48 days working on the Enterprise WFD 350, which "comprised approximately 72 percent of his *total work time* with SmartFab," and that the plaintiff had worked 13 days on the Enterprise 263, which "comprised approximately 19 percent of his time in SmartFab's employment."[57]  Although not expressly stated in the opinion, the Fifth Circuit determined these percentages based upon plaintiff's 67 days of "total work time with SmartFab."[58]

Addressing the substantial duration element of the seaman status test, the Fifth Circuit held that, "Sanchez spent approximately 90 percent of *his total employment time with SmartFab* aboard the two Enterprise vessels.  He therefore satisfied the duration prong of the substantiality test."[59]  The Fifth Circuit reasoned that, "As the Court stated in *Chandris*, generally if a worker spends at least 30 percent of his time aboard a vessel or a fleet of vessels, then he establishes the

---

[55] 997 F.3d at 566.
[56] *Id*. at 566-67.
[57] *Id*. at 567 (emphasis added).
[58] Specifically, 48 out of 67 days is 71.6 percent, while 13 out of 67 days is 19.4 percent.
[59] 997 F.3d at 574 (emphasis added).  Again, this Court has determined that 61 out of 67 days is 91%.

duration prong."[60]  The Fifth Circuit then considered whether the plaintiff "spent at least 30 percent of his time aboard these two vessels doing work that satisfies the nature prong of that test."[61]  Regarding the plaintiff's work aboard the Enterprise WFD 350, the Fifth Circuit held that his work was not "sea-based" and therefore did not satisfy the nature test.[62]  As to his work on the Enterprise 263, the Fifth Circuit held that, "Sanchez worked on the Enterprise 263 only 13 days, which would amount to less than 20 percent *of his total time of his employment with SmartFab* – well short of the 30 percent required for satisfaction of the duration prong of the substantiality test."[63]  The Fifth Circuit ultimately concluded that the plaintiff failed to satisfy the nature test and, therefore, failed to create a genuine issue of material fact that he had a substantial connection to the fleet of vessels as it related to the nature of his work."[64]

In determining whether the plaintiff in *Sanchez* satisfied the substantial duration element of the Jones Act seaman test, the Fifth Circuit considered whether the plaintiff spent at least 30% of his *total employment* aboard the vessels owned by his alleged Jones Act employer.  District courts in this Circuit have reached the same conclusion, including several Sections of this Court.  In *Meaux v. Cooper Consolidated, LLC*, for example, another Section of this Court reaffirmed its prior holding that the plaintiff satisfied the substantial duration prong of the Jones Act

---

[60] *Id.* (citing *Chandris, Inc. v. Latsis*, 515 U.S. 347, 115 S.Ct. 2172, 132 L.Ed.2d 314 (1995)).
[61] 997 F.3d at 575.
[62] *Id.*
[63] *Id.* at 576 (emphasis added).
[64] *Id.*

seaman test because "*for the entire period of his employment with Cooper* (except orientation), he was assigned to Cooper's barges to assist in their cargo-handling mission, even when physically aboard the non-Cooper cargo vessels to perform his duties of signaling the crane operators on Cooper's barges to safely load and unload the vessels . . . ."[65] Thus, the *Meaux* court considered the plaintiff's entire length of employment with his alleged Jones Act employer in determining whether the substantial duration element was met.  The Court further notes that the *Meaux* court had previously determined that, "With respect to duration, there is no summary-judgment evidence that Meaux did *any* work on land or as a crewmember of any non-Cooper vessel, so as to make the *Chandris* 30-percent analysis relevant."[66]  The *Meaux* court reasoned that, "All of Meaux's work was performed as a crewmember of a Cooper barge.  Thus, no hours tallying is necessary to conclude that the durational aspect of the vessel-connection requirement is readily satisfied."[67]  In contrast, the undisputed evidence before this Court shows that during his three years of employment with Huisman, Cole worked aboard vessels owned by Hornbeck and vessels owned by Oceaneering, thereby triggering an analysis under the 30% guideline.[68]

In *Sanchez v. American Pollution Control Corp.*, a different Section of this Court, post-*Sanchez v. Smart Fabricators*, likewise indicated that a plaintiff's entire

---

[65] 545 F.Supp.3d 383, 385-86 (E.D. La. 2021) (emphasis added).
[66] *Meaux v. Cooper Consolidated, LLC*, 477 F. Supp. 3d 515, 526 (E.D. La. 2020) (Ashe, J.) (emphasis in original).
[67] *Id*.
[68] *See*. R. Doc. 45-3.

length of employment is relevant to the substantial duration inquiry.[69]  The plaintiff in that case was employed by the defendant for 23 days during the summer of 2010 and spent the first 17 days working on land, but spent each of the last six days working aboard a vessel.[70]  The parties disputed the relevant employment period for purposes of the Jones Act seaman test, with the defendant asserting that the plaintiff "spent only 26% of her employment time – 6 out of 23 days – working on" the vessel.[71]  In contrast, the plaintiff asserted that her reassignment to the vessel "constituted a permanent and fundamental change of status," and that, "she spent 100% of the relevant employment period – 6 out of 6 days – working on a vessel in navigation."[72]  Regarding the substantial duration element, the *Sanchez* court recognized that, "Typically, the seaman status inquiry considers the overall course of the worker's employment with a particular employer."[73]  The *Sanchez* court further acknowledged, however, that, "If a maritime employee receives a new work assignment in which his essential duties are changed, he is entitled to have the assessment of the substantiality of his vessel-related work made on the basis of his activities in his new position."[74]  The *Sanchez* court ultimately concluded that there were material issues of fact as to whether the plaintiff's reassignment to the vessel was sufficient to trigger the "change-of-assignment" exception, which precluded summary judgment on

---

[69] 542 F. Supp. 3d 446, 451 (E.D. La. 2021) (Barbier, J.).
[70] *Id*. at 449.
[71] *Id*. at 450-51.
[72] *Id*. at 451.
[73] *Id*.
[74] *Id*. (quoting *Chandris, Inc. v. Latsis*, 515 U.S. 347, 372, 115 S.Ct. 2172, 132 L.Ed.2d 314 (1995)) (internal quotation marks omitted).

plaintiff's seaman status.[75]  Thus, the *Sanchez* court indicated that if the exception did not apply, it would consider plaintiff's entire length of employment with the defendant (23 days) in determining whether the substantial duration element was met.

In another post-*Sanchez v. Smart Fabricators* case, *Barlow v. BP Exploration & Production, Inc.*, yet another Section of this Court considered the plaintiff's entire length of employment in determining whether the plaintiff satisfied the duration element of the Jones Act seaman test.[76]  Specifically, the *Barlow* court found that, "During the period relevant to this case, Barlow worked from early May until September 24.  All of this time, he was assigned to the M/V Odyssea Atlas except for approximately seven days at the end of that period on a barge not owned by Odyssea."[77]  The *Barlow* court held, "Therefore, Barlow spent over four months in service of the M/V Odyssea Atlas and one week on the barge.  This is well over the thirty percent needed to fulfill the substantial time element of *Chandris*."[78]

In *Perez v. Aquaterra Contracting, LLC*, another Section of this Court similarly indicated that, unless an exception applies, the substantial duration element depends upon the entire span of a plaintiff's employment with the alleged Jones Act employer.[79]  The *Perez* court was asked to determine the seaman status of a decedent who began working for the defendants on May 14, 2014, resigned on March 27, 2019,

---

[75] *Id*. at 452-53.
[76] Civ. A. No. 12-2248, 2022 WL 3221822 (E.D. La. Aug. 8, 2022) (Fallon, J.).
[77] *Id*. at *3.
[78] *Id*. (citing *Chandris,* 515 U.S. 347, 115 S.Ct. 2172).
[79] 593 F. Supp. 3d 444 (E.D. La. 2022) (Vance, J.).

was rehired by the defendants in late August 2019, and worked for defendants until his death on October 3, 2019.[80]  The issue before the court was whether the decedent's seaman status depended only on his employment period from August to October of 2019, or on the entire span of his employment with the defendants.[81]  The *Perez* court recognized that, "A 'significant break' in a worker's employment may limit the scope of the court's seaman inquiry," and that the Fifth Circuit has held that a four-month hiatus in a worker's employment requires a separate evaluation of the worker's duties during the re-employment period.[82]  The *Perez* court concluded that the Fifth Circuit's examination of the worker's seaman status in that case "was properly limited to 'the six month period of employment prior to his death, rather than . . . his total work history.'"[83]  The *Perez* court ultimately concluded that the plaintiff's "five-month hiatus compels this Court to confine its seaman analysis to the re-employment period" of August 2019 to October 2019.[84]  Thus, had there been no significant break in the decedent's employment with the defendants, the *Perez* court would have considered his entire length of employment dating back to May 2014 in determining his Jones Act seaman status.

Cases from the Middle District of Louisiana further support this Court's determination that the entire length of Cole's employment period with Huisman is relevant to the substantial duration element of the Jones Act seaman inquiry.  In

---

[80] 593 F. Supp. 3d 444, 447-48 (E.D. La. 2022).
[81] *Id*. at 448.
[82] *Id*. at 448-49 (quoting *In re Patton-Tully Transp. Co.*, 797 F.2d 206, 210 (5th Cir. 1986)) (internal quotation marks omitted).
[83] *Perez*, 593 F. Supp. 3d at 449 (quoting *Patton-Tully*, 797 F.2d at 210).
[84] *Perez*, 593 F. Supp. 3d at 449.

*Johnson v. Cooper T. Smith Stevedoring Company, Inc.*, the plaintiff worked for the defendant from 2008 until he was injured on June 22, 2018 and a dispute arose regarding his status as a Jones Act seaman.[85]  In addressing the substantial duration element at the summary judgment stage, the *Johnson* court cited the 30% guideline set forth in *Chandris* and found that the plaintiff had produced "no evidence to show what portion of his time was spent aboard a vessel."[86]  The *Johnson* court also found that the one exhibit produced by plaintiff had shown only that plaintiff "worked for CTS for 20 years, that he operated heavy machinery and performed various other stevedoring functions, and that on the date of his accident he worked aboard a cargo barge moored midstream."[87]  The *Johnson* court concluded that, "Having failed to provide any evidence establishing what portion of his *20-year tenure* he spent aboard a vessel or a fleet of vessels, Plaintiff cannot show a substantial connection to a vessel in navigation and his Jones Act claims must fail."[88]  In *Blanda v. Cooper/T. Smith Corporation*, another Section of the Middle District of Louisiana likewise held that, "When measuring the 30% rule of thumb, '[t]ypically, the seaman status inquiry considers the overall course of the worker's employment with a particular employer,'[89] i.e., 'the *entire length* of a plaintiff's employment with the defendant.'"[90]

---

[85] 610 F. Supp. 3d 867, 871-72 (M.D. La. 2022) (Jackson, J.).
[86] *Id.* at 874-75 (citing *Chandris, Inc. v. Latsis*, 515 U.S. 347, 368, 115 S.Ct. 2172, 132 L.Ed.2d 314 (1995)).
[87] 610 F. Supp. 3d at 875.
[88] *Id.* (emphasis added).
[89] 599 F. Supp. 3d 385, 397 (M.D. La. 2022) (deGravelles, J.) (quoting *Sanchez v. American Pollution Control Corp.*, 542 F. Supp. 3d 446, 451 (E.D. La. 2021) (citing *Chandris*, 515 U.S. at 371-72, 115 S.Ct. 2172)).
[90] *Blanda*, 599 F. Supp. 3d at 397 (quoting *Gage v. Canal Barge Co.*, 431 F. Supp. 3d 754, 762 (M.D. La. 2020) (quoting *Zertuche v. Great Lakes Dredge and Dock Co., LLC*, 306 Fed.Appx. 93, 96 (5th Cir. 2009)) (emphasis added).

Based upon the foregoing authority, the Court finds it appropriate to consider Cole's entire three-year period of employment with Huisman in determining whether Cole has raised a genuine issue of material fact regarding the substantial duration element of the Jones Act seaman status test.  There is no dispute that Cole was employed by Huisman from November 1, 2017 until his injury on February 21, 2021.[91] There is also no dispute that during his approximately three years of employment with Huisman, Cole spent a total of 510 days working aboard offshore vessels.[92] There is no dispute that of those 510 days spent aboard vessels, Cole spent 48 days aboard Oceaneering-owned or operated vessels and spent the remaining 462 days aboard vessels not owned or operated by Oceaneering or Huisman.[93]  Relying upon *Chandris*[94] and the Fifth Circuit's ruling in *Sanchez*[95] and its progeny, the undisputed evidence before the Court shows that Cole spent less than 5% of his total employment with Huisman aboard Oceaneering vessels.[96]  Taking into account the Supreme Court's caution that the 30% test is a "guideline" and that "departure from it will certainly be justified in appropriate cases,"[97] the Court notes that, even if it considers the 510 days that Cole worked aboard offshore vessels during his three-

---

[91] R. Doc. 45-1 at p. 5 (*citing* R. Doc. 45-2 at p. 1); R. Doc. 45-5 at p. 1; R. Doc. 58 at pp. 2-3 (*citing* R. Doc. 45-3).

[92] R. Doc. 45-1 at pp. 8-9; R. Doc. 45-5 at p. 1; R. Doc. 58-1 at p. 1.

[93] R. Doc. 45-5 at p. 2 (*citing* R. Doc. 45-3); R. Doc. 58-1 at p. 3.

[94] *Chandris, Inc. v. Latsis*, 515 U.S. 347, 115 S.Ct. 2172, 132 L.Ed.2d 314 (1995).

[95] *Sanchez v. Smart Fabricators of Texas, LLC*, 997 F.3d 564 (5th Cir. 2021).

[96] The Court reached this determination by considering the 48 days spent aboard Oceaneering vessels during Cole's approximately three-year (1095-day) employment with Huisman.  While Cole concedes that he was hired by Huisman in November 2017 (R. Doc. 58 at p. 2; R. Doc. 58-1 at p. 1), he neither confirms nor denies Oceaneering's assertion that he worked for Huisman for 1209 days.  *See*, R. Doc. 45-1 at p. 5.

[97] *Chandris*, 515 U.S. at 371, 115 S.Ct. at 2191.

year employment with Huisman, Cole spent only 48 out of 510 days, or less than 10%, of his employment working aboard Oceaneering vessels. This, too, is far lower than the 30% needed to satisfy the substantial duration prong of the Jones Act seaman test. Because Cole has failed to produce evidence to show that he had a substantial connection to the M/V OCEAN PATRIOT as it relates to the duration of his work, Oceaneering is entitled to summary judgment on his Jones Act claim.

To the extent Cole argues that he satisfies the 30% rule because during his hitches aboard the M/V OCEAN PATRIOT "he spent 100% of his working time" aboard the vessel, Cole appears to misunderstand how the 30% rule has been applied by courts in this Circuit. Cole's Opposition brief ignores and fails to address the most pertinent authority on this issue, the Fifth Circuit's 2021 en banc decision in *Sanchez*, which was cited in Oceaneering's Motion.[98] Had Cole reviewed the *Sanchez* decision, he would have understood that the 30% duration prong applies where, as here, the plaintiff did not spend all of his time aboard vessels owned or operated by the alleged Jones Act employer.[99] Instead, Cole chose to rely upon two unpublished district court opinions, which were decided about a decade before *Sanchez*.[100] While not binding on this Court, the Court nonetheless points out that the *Bayham* case is clearly distinguishable from the facts of this case because that court described the second

---

[98] R. Doc. 45-1 at pp. 9-10 (citing *Sanchez v. Fabricators of Texas, LLC*, 997 F.3d 564 (5th Cir. 2021)).
[99] *See, Sanchez*, 997 F.3d at 574 ("Sanchez spent approximately 90 percent of his total employment time with SmartFab aboard the two Enterprise vessels. He therefore satisfied the duration prong of the substantiality test. As the Court stated in *Chandris*, generally if a worker spends at least 30 percent of his time aboard a vessel or a fleet of vessels, then he establishes the duration prong.").
[100] R. Doc. 58 at pp. 5-7 (citing *Bayham v. Grosse Tete Well Serv., Inc.*, Civ. A. No. 11-1815, 2012 WL 1865737, at *5 (E.D. La. May 22, 2012) (Fallon, J.); *Joseph v. Marine Mgmt. Contractors, Inc.*, Civ. A. No. 06-0405, 2007 WL 1964527, at *8 (S.D. Tex. July 3, 2007) (Johnson, M.J.)).

prong of the seaman status test as requiring that "the worker [] be assigned permanently to a vessel or have performed a substantial part of his work on the vessel at issue."[101]  In doing so, the *Bayham* court relied upon two cases from the Fifth Circuit that pre-date *Chandris*, wherein the Supreme Court set forth the two-prong test for Jones Act seaman status that courts apply today.[102]

Further, to the extent the *Bayham* court found that the plaintiff at issue satisfied the substantial duration element because he was permanently assigned to the vessel, there is no evidence before this Court suggesting that Cole was permanently assigned to the M/V OCEAN PATRIOT.  Indeed, Cole acknowledges that he was assigned to the M/V OCEAN PATRIOT "for his next four hitches after that, with the possibility that he could be assigned to the OCEAN PATRIOT beyond those four hitches"[103]  The evidence confirms that Cole spent only two hitches aboard the M/V OCEAN PATRIOT between November 14, 2017 and February 21, 2021, for a total of 48 days,[104] and that Oceaneering had requested Cole for two additional hitches in April and July of 2021.[105]  The Court recognizes that Cole has produced a document that purports to be a Daily Vessel Log from the M/V OCEAN PATRIOT

---

[101] Civ. A. No. 11-1815, 2012 WL 1865737 at *3.
[102] *Id*. (citing *Offshore Co. v. Robison*, 266 F.2d 769 (5th Cir. 1959); *Barrett v. Chevron, U.S.C., Inc.*, 781 F.2d 1067, 1072 (5th Cir. 1986)).  *See*, *Chandris, Inc. v. Latsis*, 515 U.S. 347, 115 S.Ct. 2172, 132 L.Ed.2d 314 (1995).
[103] R. Doc. 58 at p. 2.
[104] R. Doc. 45-3.  *See*, R. Doc. 45-2 at pp. 2-4 ("No one is assigned specifically to a vessel, but clients do grow to like people, and if they are available, we try and accommodate our client's request.").  *See*, *Id*. at pp. 5-6 (when asked whether Cole was assigned to the M/V OCEAN PATRIOT "on a regular basis" and whether Cole was "assigned to any specific vessel on a regular basis,"  Robert Thompson testified "No.").
[105] R. Doc. 45-2 at pp. 3-4.

from February 13, 2021, which includes Cole in the list of "Vessel Crew."[106]  Even considering that document, the evidence is uncontested that Plaintiff was not permanently assigned to the M/V OCEAN PATRIOT. Further, the controlling authority, *Sanchez*, directs this Court to apply the 30% rule to Cole's length of employment with Huisman in determining whether his work aboard the M/V OCEAN PATRIOT was substantial in duration.  The Court has determined that Cole's work aboard the M/V OCEAN PATRIOT was not substantial in duration, as it constitutes less than 10% of his time spent aboard offshore vessels during his three-year employment with Huisman, and less than 5% of his total employment with Huisman. Having determined that the Plaintiff's work with Defendant Oceaneering was not substantial in duration, the Court need not address the second prong of the connection inquiry, namely, the nature of Cole's activities aboard the vessel. Accordingly, the Court finds that Cole has failed to raise a genuine issue of material fact as to whether his work aboard the M/V OCEAN PATRIOT was significant in duration and, therefore, has failed to raise a genuine dispute regarding whether he is a Jones Act seaman.  The Court therefore finds that Oceaneering is entitled to summary judgment on Cole's Jones Act claims.[107]

---

[106] R. Doc. 58-9.
[107] The Court notes that Oceaneering did not address the substantial in nature facet of the substantial connection requirement of the Jones Act seaman status test.  Because Cole has failed to raise a genuine issue of material fact regarding the substantial duration element, the Court need not address whether he satisfies the substantial nature element.

IV.     CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Oceaneering's Motion for Partial Summary Judgment [108] is **GRANTED** and that Cole's Jones Act claims asserted against Oceaneering are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Oceaneering shall have **seven (7) days** from the date of this Order and Reasons to advise the Court in writing whether today's ruling impacts Oceaneering's three remaining summary judgment motions.[109] Oceaneering shall advise the Court by sending an email to the Court's email address, efile-Vitter@laed.uscourts.gov.

New Orleans, Louisiana, April 26, 2023.

**WENDY B. VITTER**
**United States District Judge**

---

[108] R. Doc. 45.
[109] *See*, R. Docs. 52, 54, & 55.