## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DARRYL COLE**                                    **CIVIL ACTION**

**VERSUS**                                         **NO. 21-1348**

**OCEANEERING INTERNATIONAL, INC.**                **SECTION: D (5)**

## ORDER AND REASONS

Before the Court is Oceaneering International, Inc.'s Motion for Summary Judgment on its Cross-Claim Against Huisman North America Services, LLC. [1] Huisman North American Services, LLC opposes the Motion,[2] and Oceaneering has filed a Reply.[3] Plaintiff, Darryl Cole, filed a response to the Motion "to clarify alleged uncontested facts," noting that he "neither supports nor opposes" the Motion.[4]

After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED in part** and **DENIED in part as moot.**

## I.    FACTUAL AND PROCEDURAL BACKGROUND[5]

This is a maritime personal injury case, and the motion before the Court concerns a dispute between Oceaneering International, Inc. ("Oceaneering") and Huisman North American Services, LLC ("Huisman") regarding Oceaneering's defense and indemnity claim asserted against Huisman in its Third-Party Complaint.[6]   Darryl Cole alleges that while working aboard the M/V OCEAN

---

[1] R. Doc. 54.
[2] R. Doc. 63.
[3] R. Doc. 82.
[4] R. Doc. 62 at p. 1.
[5] The Court set forth the facts and procedural history of this case in great detail in its March 31, 2023 Order and Reasons (R. Doc. 189) and, for the sake of brevity, they will not be repeated here.
[6] R. Doc. 14.

PATRIOT, an offshore diving and support vessel owned and operated by Oceaneering, he fell ill on or about February 18, 2021 and was misdiagnosed by the onboard medic with seasickness and an abscess in his mouth, which delayed his evacuation from the vessel.[7]  Cole alleges that when he was finally evacuated on February 21, 2021 and taken to a hospital, it was determined that he had experienced a stroke.[8]

On July 15, 2021, Darryl Cole filed a Complaint for Damages in this Court against Oceaneering pursuant to the Jones Act, 46 U.S.C. § 30104, and general maritime law, asserting claims for Jones Act negligence, general maritime law negligence and unseaworthiness, general maritime law maintenance and cure, and negligence under Louisiana law.[9]  Although Huisman was not named as a defendant, Cole alleged in the Complaint that Huisman was his direct employer and that Oceaneering was his Jones Act employer at the time of his injuries.[10]  On December 27, 2021, with the Court's consent, Cole filed an Amended Complaint for Damages, naming Huisman as an additional defendant and asserting a claim for maintenance and cure benefits against Huisman.[11]

On December 20, 2021, also with the Court's consent, Oceaneering filed a Third-Party Complaint against Huisman, which is at the center of the instant dispute.[12]  Oceaneering asserts a claim for defense and indemnity, as well as attorney's fees and costs, against Huisman for any and all claims asserted by Cole

---

[7] R. Doc. 19 at ¶¶ 6-16.
[8] *Id.* at ¶ 17.
[9] R. Doc. 1 at ¶¶ 20-42.
[10] *Id.* at ¶ 6.
[11] R. Docs. 16, 18, & 19.  R. Doc. 19 at ¶¶ 3, 22, 46-53.
[12] R. Docs. 12-14.

against Oceaneering based upon the terms and conditions contained in the February 9, 2021 Purchase Order (the "2021 Purchase Order") entered into between Oceaneering and Huisman, through which Huisman was to supply a crane operator to Oceaneering.[13]  Oceaneering asserts that the crane operator supplied by Huisman was Darryl Cole.[14]  Oceaneering also asserts that Huisman breached its contract with Oceaneering by not providing the required coverage to protect/insure Oceaneering from Cole's claims.[15]  Relying upon the insurance provision of the 2021 Purchase Order, Oceaneering claims that Huisman breached the contract because "Oceaneering has received a denial of coverage from Huisman's insurer."[16]  The Court notes that Oceaneering did not attach a copy of the 2021 Purchase Order to its Third-Party Complaint.[17]

In the instant Motion, Oceaneering asserts that it is entitled to summary judgment on its defense and indemnity claim against Huisman.[18]  In its Memorandum in Support, however, Oceaneering seeks summary judgment on both its defense and indemnity claim and its claim that Huisman breached its contract by failing to procure proper insurance per the terms of the 2021 Purchase Order.[19] Oceaneering asserts that the 2021 Purchase Order is a maritime contract, that it governs Oceaneering's claims against Huisman, and that it contains an indemnity provision that requires Huisman to defend, indemnify, and hold harmless

---

[13] R. Doc. 14 at ¶¶ 6-10 & 13.
[14] *Id*. at ¶ 7.
[15] *Id*. at ¶ 15.
[16] *Id*. at ¶¶ 14-15.
[17] *See, generally*, R. Doc. 14.
[18] R. Doc. 54.
[19] R. Doc. 54-1 at pp. 1 & 12.

Oceaneering from any and all suits, claims, losses, damages and expenses "arising out of, as a result of or in connection with this Purchase Order or any goods supplied or services rendered hereunder."[20]  Oceaneering argues that the clear terms of the 2021 Purchase Order provide that, "these Terms and Conditions **supersede** all representations, understandings, or agreements **and shall prevail** notwithstanding any variance with terms and conditions of any order submitted prior.  Acceptance of this Purchase Order is deemed acceptance of the terms and conditions." [21] Oceaneering contends that the foregoing indemnity provision in the 2021 Purchase Order is broad and applies to any illness or injury suffered by Cole while aboard the Oceaneering vessel because his presence on the vessel "was entirely due to Huisman's contract with Oceaneering."[22]

Oceaneering further asserts that the 2021 Purchase Order required Huisman to procure certain insurances relating to Huisman's obligations under the contract, including comprehensive general liability insurance that contains a waiver of subrogation in favor of Oceaneering. [23]  Oceaneering avers that it asserted an insurance claim against Huisman's insurer, State National Insurance Company, under Huisman's commercial general liability policy, and that State National Insurance Company denied the claim on the same basis that Huisman denied Oceaneering's demand for defense and indemnity.[24]  As such, Oceaneering claims

---

[20] R. Doc. 54-1 at pp. 3 & 5-6 (*quoting* R. Doc. 54-2 at p. 5, ¶ 9) (internal quotation marks omitted).
[21] R. Doc. 54-1 at pp. 5-6 (*quoting* R. Doc. 54-2 at p. 2) (emphasis added by Oceaneering).
[22] R. Doc. 54-1 at pp. 7-10.
[23] *Id.* at pp. 10-11 (*quoting* R. Doc. 54-2 at p. 6, ¶ 18).
[24] R. Doc. 54-1 at p. 11.

that Huisman breached the 2021 Purchase Order terms by failing to procure appropriate insurance coverage.[25]  Citing a Fifth Circuit case, *Ogea v. Loffland Bros. Co.*, Oceaneering seems to argue that because Huisman was contractually obligated to indemnify Oceaneering and provide Oceaneering with insurance coverage to satisfy any liabilities or claims asserted by Cole, "either Huisman procured the appropriate insurance as required by contract, which would satisfy any and all alleged liability, or Huisman is obligated to indemnify Oceaneering.  Huisman's insurer has denied coverage to Oceaneering; therefore, Huisman is in breach of its contractual obligations."[26]  Oceaneering asserts that it is entitled to summary judgment because the undisputed facts establish that Huisman breached the 2021 Purchase Order by failing to defend and indemnify Oceaneering and for failing to procure the required comprehensive general liability insurance.[27]

Huisman argues that Oceaneering is not entitled to summary judgment because the contractual terms relied upon by Oceaneering do not apply and that, even if they did, Huisman is entitled to summary judgment, not Oceaneering.[28]  Huisman asserts that Oceaneering ignores the existence of a 2013 Mutual Indemnity and Waiver Agreement between Oceaneering and Huisman, which is "a prototypical

---

[25] *Id.*

[26] *Id.* at p. 12.

[27] *Id.*

[28] R. Doc. 63 at p. 1.  As referenced on page 8 of the Opposition brief (R. Doc. 63 at p. 8), Huisman filed a Motion for Judgment on the Pleadings or, Alternatively, Motion for Partial Summary Judgment, in which Huisman asserted that it was entitled to judgment on the pleadings under Fed. R. Civ. P. 12(c) as to Oceaneering's defense and indemnity claim or, alternatively, that it was entitled to summary judgment on the claim.  R. Doc. 57.  Huisman neither addressed nor requested summary judgment on Oceaneering's insurance claim in that Motion.  On March 31, 2023, this Court Issued an Order and Reasons, denying Huisman's request for judgment on the pleadings, but granting Huisman summary judgment on Oceaneering's defense and indemnity claim.  R. Doc. 189.

master service agreement or blanket contract" that provides the terms upon which the parties agreed to perform any future work ordered of one by the other pursuant to a purchase order or work order.[29]   Huisman notes that there is no contention that the 2013 Mutual Indemnity and Waiver Agreement is unenforceable or that it has ever been terminated by either party.[30]   Huisman claims that the 2021 Purchase Order states that Oceaneering's 2018 Purchase Order Terms and Conditions[31] only apply "unless otherwise agreed in writing," and that the 2013 Mutual Indemnity and Waiver Agreement is that written agreement.[32]   Huisman points out that even if Oceaneering's 2018 Purchase Order Terms and Conditions apply, they likewise state that any prior written agreement between the parties shall prevail to the extent of any conflict.[33]   Huisman further asserts that Oceaneering relies upon outdated and inapplicable case law in arguing for indemnity, and that the pertinent Fifth Circuit authority makes clear that Huisman is entitled to summary judgment against Oceaneering.[34]

Huisman further asserts that Oceaneering's argument that Huisman breached its obligation to provide insurance coverage fails for the same reason as its argument

---

[29] R. Doc. 63 at pp. 1-3.

[30] *Id*. at p. 3.

[31] Although not mentioned by Oceaneering in its Motion, the 2021 Purchase Order states that, "Unless otherwise agreed in writing, the terms and conditions of this Purchase Order shall be governed by OCEANEERING INTERNATIONAL, INC. PURCHASE ORDER TERMS AND CONDITIONS, D-0562744-US AND CANADA REV. C (AUG 2018)."   R. Doc. 54-2 at p. 2.  The parties refer to those other terms and conditions as the "2018 Terms and Conditions."

[32] R. Doc. 63 at pp. 3-4 (*citing* R. Doc. 63-3).

[33] R. Doc. 63 at p. 4 (*citing* R. Doc. 63-4).

[34] R. Doc. 63 at pp. 6-9 (citing *Fontenot v. Mesa Petroleum co.*, 791 F.2d 1207, 1210-18 (5th Cir. 1986); *Marathon Pipe Line Co. v. M/V Sea Level II*, 806 F.2d 585, 591 (5th Cir. 1986); *Int'l Marine, LLC v. Integrity Fisheries, Inc.*, 860 F.3d 754, 761 (5th Cir. 2017)).

regarding indemnity – because Oceaneering relies exclusively on the 2021 Purchase Order's terms and conditions rather than the 2013 Mutual Indemnity and Waiver Agreement.[35]  According to Huisman, the 2013 Mutual Indemnity and Waiver Agreement provides, with respect to insurance, that, "Company and Contractor shall each carry and maintain insurance coverages of the type (or their equivalent) and in the amounts to the extent that they are applicable and set forth in <u>Exhibit A</u> for the duration of this agreement."[36]  Huisman argues that Oceaneering is not entitled to summary judgment on a contract claim where it relies on the wrong contract. Huisman further argues that Oceaneering's unsupported assertion that it was denied coverage on a claim submitted to State National Insurance Company fails to establish that Huisman breached its obligation to procure appropriate coverage.[37]

Huisman asserts that, even assuming, *arguendo*, that the 2021 Purchase Order terms and conditions apply rather than the 2013 Mutual Indemnity and Waiver Agreement,  Oceaneering has failed to submit summary judgment evidence of: (1) the claim it purportedly filed with State National Insurance Company; (2) the policy on which that claim was based; or (3) the response by State National Insurance Company to that claim.  Without that evidence, Huisman argues that Oceaneering cannot show the scope of coverage that Huisman obtained or how it allegedly differed from the scope Oceaneering believes Huisman contracted to provide and, therefore, cannot demonstrate any discrepancy between the two.[38]  Huisman claims that

---

[35] R. Doc. 63 at p. 9.
[36] *Id*. (*quoting* R. Doc. 63-2 at ¶ 5).
[37] R. Doc. 63 at p. 9.
[38] *Id*. at p. 10.

Oceaneering has not offered any evidence to support its claim that Huisman breached any contractual obligation to Oceaneering, as it provided a copy of the wrong contract and failed to offer any exhibits or deposition testimony to establish Huisman's allegedly inadequate performance.[39]  Huisman concludes by urging the Court to deny Oceaneering's Motion and to grant Huisman "summary judgment on all claims asserted by Oceaneering in its Third-Party Complaint."[40]

Cole filed a Response to the Motion, asserting that he neither supports nor opposes the Motion, and that he merely seeks to clarify certain alleged uncontested facts set forth by Oceaneering and Huisman in their respective motions regarding indemnity and defense.[41]

Oceaneering counters that the 2021 Purchase Order governs the relationship between the parties, as it specifies that its 2018 Purchase Order Terms and Conditions "supersede" all prior understandings between the parties and the 2013 Mutual Indemnity and Waiver Agreement only applies to purchase orders incorporating and referencing Oceaneering's 2010 Terms and Conditions. [42] Oceaneering contends that, by its own terms, the 2013 Mutual Indemnity and Waiver Agreement is not applicable to the 2021 Purchase Order, which expressly invokes the 2018 Purchase Order Terms and Conditions.[43]  Oceaneering also asserts that because Cole's presence on the vessel was entirely dependent on the 2021 Purchase Order,

---

[39] R. Doc. 63 at p. 10.
[40] *Id*. at p. 11.
[41] R. Doc. 62.  *See, supra*, note 28.
[42] R. Doc. 82 at pp. 1-5 (*citing* R. Doc. 54-2 at p. 2; R. Doc. 63-2 at p. 1).
[43] R. Doc. 82 at p. 5.

"the mere fact that Mr. Cole, a Huisman employee, has asserted a 'claim' against Oceaneering for such issues Cole claims arose during the performance of Huisman's work on the OCEAN PATRIOT triggers Huisman's contractual defense and indemnity obligations."[44]  Oceaneering contends that under either the 2013 Mutual Indemnity and Waiver Agreement or the 2021 Purchase Order, Huisman is clearly required to defend and indemnify Oceaneering in this case.[45]  Oceaneering further asserts that State National Insurance Company's denial of coverage is direct evidence of Huisman's breach of contract because the insurance requirements in the 2018 Purchase Order Terms and Conditions "are without limitation."[46]  Oceaneering argues that because State National Insurance Company denied coverage on the basis that its obligations are limited to those "expressly assumed under" Huisman's contract with Oceaneering, Huisman breached the 2021 Purchase Order by failing to obtain insurance without limitations.[47]

## II.    LEGAL STANDARD

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[48]  A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to

---

[44] *Id*. at p. 8.

[45] *Id*. at pp. 9-11.

[46] *Id*. at pp. 11-12.

[47] *Id*. at p. 12 (*citing* R. Doc. 82-1 and *ExxonMobil Corp. v. Electrical Reliability Serv's, Inc.*, 868 F.3d 408, 417-18 (5th Cir. 2017)).

[48] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986).

interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.[49]  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[50]  This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.[51]  Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[52]  In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.[53]

## III.   ANALYSIS

On March 31, 2023, this Court issued an Order and Reasons granting Huisman's Motion for Partial Summary Judgment on Oceaneering's third-party claim for defense and indemnity and dismissed that claim with prejudice.[54]  In that Motion for Partial Summary Judgment, Huisman neither addressed nor sought

---

[49] *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552.
[50] *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.
[51] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[52] *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2552.
[53] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).
[54] R. Doc. 189.

summary judgment on Oceaneering's third-party claim regarding Huisman's alleged breach of its obligation to procure insurance in that motion.[55] In the instant Motion, Oceaneering makes the same arguments in favor of summary judgment on its defense and indemnity claim that it raised in opposition to Huisman's Motion for Partial Summary Judgment.[56] Because the Court has already rejected those arguments,[57] Oceaneering's Motion is denied as moot to the extent that Oceaneering seeks summary judgment on its claim that Huisman breached its obligation to defend, indemnify, and hold Oceaneering harmless pursuant to the terms and conditions of the 2021 Purchase Order.[58] Thus, the only issue remaining before the Court is whether Oceaneering or Huisman is entitled to summary judgment on Oceaneering's third-party claim that Huisman breached its obligations under the 2021 Purchase Order by failing to obtain the required insurance coverage to protect and/or insure Oceaneering from Cole's claims.[59]

### A. The 2018 Purchase Order Terms and Conditions Apply to Huisman's insurance obligation to the extent that they do not conflict with the terms of the 2013 Mutual Indemnity and Waiver Agreement.

In determining whether either party is entitled to summary judgment on Oceaneering's insurance claim, the Court must first determine whether Huisman's

---

[55] *See*, R. Docs. 57 & 78.

[56] *Compare* R. Doc. 54-1 at pp. 1-3 & 7-10 *with* R. Doc. 61 at pp. 2-9.

[57] R. Doc. 189.

[58] *See*, R. Doc. 14 at ¶¶ 5-13; R. Doc. 54-1 at pp. 7-10.

[59] *See*, R. Doc. 14 at ¶¶ 14-15; R. Doc. 54-1 at pp. 10-12. *See also*, R. Doc. 63 at p. 1 ("it is Huisman who is entitled to summary judgment rather than Oceaneering) and pp. 10-11 ("Huisman respectfully urges the Court to deny Oceaneering's Motion in its entirety and to instead grant Huisman judgment on the pleadings and/or summary judgment on all claims asserted by Oceaneering in its third-Party Complaint.").

insurance obligations are governed by the 2021 Purchase Order and the 2018

Purchase Order Terms and Conditions applicable thereto, as argued by Oceaneering,

or by the 2013 Mutual Indemnity and Waiver Agreement, as argued by Huisman.

The 2018 Purchase Order Terms and Conditions and the 2013 Mutual Indemnity and

Waiver Agreement contain different insurance provisions.[60]  The parties seem to

agree that the contracts at issue are maritime contracts.[61]  As Oceaneering correctly

points out, "The interpretation of a maritime contract is a question of law."[62]

As in any contract dispute, the Court begins by reviewing the language in the

contracts.  Taking them in chronological order, the 2013 Mutual Indemnity and

Waiver Agreement provides that:

> During Contractor's [Huisman's] performance of services for Company
> [Oceaneering] pursuant to a Purchase Order (which shall include the
> PO terms and Conditions as agreed between Huisman Intrepid, LLC
> and Company in June 2010 – "June 2010 Terms") issued by Company to
> Contractor (the "Services"), Contractor from time to time may require
> temporary access to Company's property, equipment, vessels or facilities
> (collectively "Facilities") owned, leased, chartered, occupied and/or
> operated by Company.[63]

Huisman claims that the 2013 Mutual Indemnity and Waiver Agreement constitutes

a "prototypical master service agreement" or "blanket contract" between the parties

because it does not require any services be performed or provided, but instead sets

---

[60] *See,* R. Doc. 54-2 at p. 6, ¶ 18 (2018 Purchase Order Terms and Conditions); R. Doc. 63-2 at p. 3, ¶ 5 (2013 Mutual Indemnity and Waiver Agreement).  The Court did not reach this issue in its March 31, 2021 Order and Reasons because the only issue before the Court was whether Huisman was entitled to summary judgment on Oceaneering's defense and indemnity claim, and the 2021 Purchase Order and 2013 Mutual Indemnity and Waiver Agreement contain nearly identical indemnity provisions. *See,* R. Doc. 189 at pp. 14-15.

[61] *See,* R. Doc. 54-1 at p. 4; R. Doc. 63 at pp. 1-3.

[62] R. Doc. 54-1 at p. 4 (citing *Int'l Marine, LLC v. Integrity Fisheries, Inc.*, 860 F.3d 754, 759 (5th Cir. 2017) (citation omitted)).

[63] R. Doc. 63 at pp. 2-3 (*quoting* R. Doc. 63-2 at p. 1, ¶ a) (internal quotation marks omitted).

forth the terms upon which the parties agree to perform any future work ordered by one or the other pursuant to a purchase order.[64]  After entering into that 2013 Mutual Indemnity and Waiver Agreement, Huisman contends that Oceaneering submitted, and Huisman accepted, the 2021 Purchase Order "exactly as contemplated by the [2013 Mutual Indemnity and Waiver Agreement]."[65]  Huisman points out that the 2021 Purchase Order states that Oceaneering's 2018 Purchase Order Terms and Conditions will apply "Unless otherwise agreed in writing," and Huisman argues that the 2013 Mutual Indemnity and Waiver Agreement falls within that exception.[66]

In contrast, Oceaneering argues that Huisman accepted the 2021 Purchase Order, which specifies that it will be governed by Oceaneering's 2018 Purchase Order Terms and Conditions.[67]  The 2021 Purchase Order provides that, "Unless otherwise agreed in writing, the terms and conditions of this Purchase Order shall be governed by OCEANEERING INTERNATIONAL, INC. PURCHASE ORDER TERMS AND CONDITIONS, D-0562744 – US AND CANADA REV. C (AUG 2018)."[68]  The 2021 Purchase Order further states that, "These Terms and Conditions supersede all representations, understandings, or agreements and shall prevail notwithstanding any variance with terms and conditions of any order submitted prior.  Acceptance of this Purchase Order is deemed acceptance of these terms and conditions." [69] Oceaneering asserts, and Huisman does not dispute, that Huisman: (1) accepted the

---

[64] R. Doc. 63 at pp. 1-3.
[65] *Id.*
[66] *Id.* at p. 4.
[67] R. Doc. 54-1 at pp. 5-6 & R. Doc. 82 at pp. 2-5.  *See, generally,* R. Doc. 63.
[68] R. Doc. 54-2 at p. 2.
[69] *Id.*

2021 Purchase Order; (2) was paid pursuant to the 2021 Purchase Order; and (3) supplied the services of Cole pursuant to the 2021 Purchase Order.[70]

The Court agrees with Oceaneering that the language in the 2021 Purchase Order clearly states that its terms and conditions, which incorporates the 2018 Purchase Order Terms and Conditions, "supersede all representations, understandings, or agreements," and that, "Acceptance of this Purchase Order is deemed acceptance of these terms and conditions."[71]   Under a plain reading of this provision, the Court finds that the 2021 Purchase Order, which incorporate the 2018 Purchase Order Terms and Conditions, was meant to supersede any prior agreements between the parties, including the 2013 Mutual Indemnity and Waiver Agreement. While the 2021 Purchase Order also states that it will be governed by Oceaneering's 2018 Purchase Order Terms and Conditions "[u]nless otherwise agreed in writing,"[72] the Court construes this language as contemplating a *future* written agreement between the parties.  To accept Huisman's construction of this phrase as a reference to the 2013 Mutual Indemnity and Waiver Agreement would render meaningless the explicit declaration that the 2021 Purchase Order's terms and conditions "supersede all representations, understandings, or agreements" between the parties. [73] Moreover, the Court's construction of the 2021 Purchase Order adheres to the Fifth Circuit's recognition that, "Federal courts sitting in admiralty adhere to the axiom that 'a contract should be interpreted so as to give meaning to all of its terms—

---

[70] R. Doc. 54-1 at pp. 5-6 (*citing* R. Doc. 54-3); R. Doc. 82 at pp. 2 & 3 (*citing* R. Doc. 54-3 at p. 8).
[71] R. Doc. 54-2.
[72] *Id.*
[73] *Id.* at p. 2.

presuming that every provision was intended to accomplish some purpose, and that none are deemed superfluous.'"[74]  Accordingly, the Court finds that Oceaneering's 2018 Purchase Order Terms and Conditions apply to Huisman's insurance obligations in this matter.

That, however, does not end the inquiry.  As Huisman correctly points out, the 2018 Purchase Order Terms and Conditions clearly state, in paragraph three, that, "If this Purchase Order is made under an existing written contract between Seller and Buyer, the terms of said contract shall prevail to the extent of any conflict."[75] Oceaneering does not contest, or otherwise address this provision in its Reply brief.[76] Adhering to the same principal set forth above, the Court analyzes whether the insurance clause contained in the 2018 Purchase Order Terms and Conditions conflicts with the insurance clause contained in the 2013 Mutual Indemnity and Waiver Agreement.

### B. Huisman is entitled to summary judgment on Oceaneering's breach of contract claim concerning Huisman's insurance obligations.

Oceaneering claims that Huisman breached its contractual obligation to procure insurance under the 2021 Purchase Order "by failing to procure appropriate insurance coverage."[77]  Oceaneering argues that Huisman breached the contract because its insurer, State National Insurance Company, denied Oceaneering's

---

[74] *Foster Wheeler Energy Corp. v. An Ning Jiang MV*, 383 F.3d 349, 354 (5th Cir. 2004) (quoting *Mannesman Demag Corp. v. M/V CONCERT EXPRESS*, 225 F.3d 587, 594 (5th Cir. 2000)) (cleaned up).

[75] R. Doc. 63 at p. 4 (*quoting* R. Doc. 63-4 at p. 1, ¶ 3).  *See also*, R. Doc. 54-2 at p. 5, ¶ 3.

[76] *See, generally*, R. Doc. 82.

[77] R. Doc. 54-1 at pp. 10-12.

insurance claim on the same basis that Huisman denied Oceaneering's demand for defense and indemnity.[78]   Huisman counters that Oceaneering's conclusory allegations are insufficient to meet its burden of proof on summary judgment, as there is no evidence regarding the scope of coverage Huisman obtained or how it allegedly differed from the scope of coverage Oceaneering believes Huisman contracted to provide and, thus, no evidence of any discrepancy between the two.[79]  Oceaneering argues in its Reply brief that, under Fifth Circuit authority, indemnity and insurance provisions are independent contractual obligations, and that the insurance provision in the 2018 Purchase Order Terms and Conditions obligates Huisman to provide insurance to Oceaneering without limitation.[80]  In other words, Oceaneering argues that the insurance requirements in the 2018 Purchase Order Terms and Conditions are not tied to the indemnity provisions.[81]

Turning to the insurance provisions at issue, the 2018 Purchase Order Terms and Conditions provide, in pertinent part, the following:

> 18. **Insurance.**  Seller [Huisman] shall, at its own cost, arrange with companies/insurers acceptable to Buyer [Oceaneering] minimum insurances as follows: . . . b) comprehensive general liability insurance with a combined single limit for bodily injury and property damage of US$1,000,000 [sic] each accident, policy shall be endorsed to include broad form property damage coverage, products/completed operations coverage; . . . d) umbrella liability insurance with limits of not less than US $5,000,000 that shall be excess over and be no less broad than the coverage required under b) and c) above, . . . .  All policies shall contain a waiver of subrogation rights from Seller and its insurers against Buyer, and shall contain a provision that coverage shall not be

---

[78] *Id.*
[79] R. Doc. 63 at p. 10.
[80] R. Doc. 82 at pp. 11-12 (citing *Exxon Mobil Corp. v. Electrical Reliability Serv's, Inc.*, 868 F.3d 408, 417-18 (5th Cir. 2017)).
[81] R. Doc. 82 at p. 12.

suspended, voided, canceled, reduced in coverage or in limits except after thirty (30) days' prior written notice has been given to Buyer. Any coverage required to be provided by Seller will be considered primary and not in excess of or contributory with any similar coverage carried by Buyer.[82]

In its Motion, Oceaneering highlights the language in subsections "b)" and "d)" to argue that Huisman is contractually obligated to provide Oceaneering with insurance coverage to satisfy "any liabilities or claims asserted by Plaintiff."[83]

The 2013 Mutual Indemnity and Waiver Agreement contains the following insurance provisions:

5. In support of the indemnity obligations assumed hereunder, Company [Oceaneering] and Contractor [Huisman] shall each carry and maintain insurance coverages of the type (or their equivalent) and in the amounts to the extent that they are applicable and set forth in Exhibit A for the duration of this Agreement. All references in this Agreement to insurance shall mean such insurances as set forth in Exhibit A. Each party shall have the right to self-insure any or all of that portion of insurance relating to loss or damage to its own property and equipment. All deductibles shall be for the account of the party obliged to carry and maintain such insurance as required hereunder.

. . . .

7. THE CONTRACTOR [HUISMAN] SHALL OBTAIN FROM ITS INSURERS A WAIVER OF RIGHTS OF SUBROGATION AGAINST COMPANY GROUP [OCEANEERING] AND, WITH THE EXCEPTION OF WORKERS' COMPENSATION/EMPLOYER'S LIABILITY INSURANCE, OBTAIN AN ENDORSEMENT OF ITS POLICIES NAMING COMPANY GROUP AS AN ADDITIONAL INSURED THEREUNDER, TO THE EXTENT OF CONTRACTOR'S

---

[82] R. Doc. 54-2 at p. 6, ¶ 18.
[83] R. Doc. 54-1 at pp. 10-11 (*quoting* R. Doc. 54-2 at p. 6, ¶ 18).

OBLIGATIONS AND LIABILITIES EXPRESSLY ASSUMED UNDER THIS
AGREEMENT, TO THE EXTENT PERMITTED UNDER APPLICABLE LAW.[84]

According to "Exhibit A," which sets forth the insurance requirements:

> Comprehensive General Liability (occurrence form) including coverage
> for premises/operations, independent contractors, blanket contractual
> liability specifically covering the obligations assumed by a party under
> the Agreement. . . . Limit of Liability: $1,000,000 combined single limit
> of liability each occurrence bodily injury and/or property damage.[85]

As highlighted by the parties in their briefs, the 2018 Purchase Order Terms
and Conditions contain a broad insurance obligation, while the 2013 Mutual
Indemnity and Waiver Agreement limits Huisman's insurance obligation to the
defense and indemnity obligations it assumed therein.[86]  Under a plain reading of the
two provisions, the Court finds that the two insurance provisions are in conflict.  As
noted earlier, the 2018 Purchase Order Terms and Conditions clearly state, in
paragraph three, that, "If this Purchase Order is made under an existing written
contract between Seller and Buyer, the terms of said contract shall prevail to the
extent of any conflict."[87]  The parties don't contes that the 2013 Mutual Indemnity
and Waiver Agreement, a written agreement, was in effect. Based upon this conflict
of the insurance provisions in the 2018 Purchase Order Terms and Conditions and
the 2013 Mutual Indemnity and Waiver Agreement, the Court finds that, pursuant
to the 2018 Purchase Order Terms and Conditions and paragraph 3 of the 2013
Mutual Indemnity and Waiver Agreement, the terms of the 2013 Mutual Indemnity

---

[84] R. Doc. 63-2 at p. 3, ¶¶ 5 & 7.
[85] *Id.* at p. 5, I.B.3.
[86] *See*, R. Doc. 54-1 at pp. 11-12, R. Doc. 63 at p. 9-10, & R. Doc. 82 at pp. 12-13.
[87] R. Doc. 63 at p. 4 (*quoting* R. Doc. 63-4 at p. 1, ¶ 3).  *See also*, R. Doc. 54-2 at p. 5, ¶ 3.

and Waiver Agreement must prevail.  Accordingly, the Court finds that the 2013 Mutual Indemnity and Waiver Agreement's insurance provisions govern Huisman's insurance obligations in this matter.

The Court further finds that, pursuant to the insurance provisions in the 2013 Mutual Indemnity and Waiver Agreement, Huisman's insurance obligation is limited to the extent of Huisman's obligation to defend and indemnify Oceaneering. Paragraph five of the 2013 Mutual Indemnity and Waiver Agreement states that the insurance coverage was "[i]n support of the indemnity obligations assumed hereunder," and the language in paragraph seven requires Huisman to obtain insurance "TO THE EXTENT OF CONTRACTOR'S OBLIGATIONS AND LIABILITIES EXPRESSLY ASSUMED UNDER THIS AGREEMENT . . . ."[88] As set forth in the Court's March 31, 2023 Order and Reasons, the indemnity provisions contained in the 2018 Purchase Order Terms and Conditions and the 2013 Mutual Indemnity and Waiver Agreement are nearly identical.[89]  Thus, Huisman's insurance obligations under the 2013 Mutual Indemnity and Waiver Agreement are limited to its obligation to defend and indemnify Oceaneering under either the 2013 Mutual Indemnity and Waiver Agreement or the 2018 Purchase Order Terms and Conditions.  The Court has already determined that Huisman did not have a duty to defend or indemnify Oceaneering under either contract.[90]  As such, Oceaneering has failed to show that Huisman breached its insurance obligation when its insurer, State National

---

[88] R. Doc. 63-2 at p. 3, ¶¶ 5 & 7.
[89] R. Doc. 189 at pp. 14-15.
[90] *Id*. at pp. 14-23.

Insurance Company, denied Oceaneering's insurance claim on the basis that Huisman did not have an obligation to defend and indemnify Oceaneering in this matter.

To the extent Oceaneering cites *Ogea v. Loffland Bros. Co.* to support its position that Huisman breached its insurance obligation under an "either-or analysis," Oceaneering's reliance on that case is misplaced.[91] The facts of *Ogea* are clearly distinguishable from the facts of this case because the party seeking indemnity in *Ogea* – Loffland Bros. Co. – is also the party that was obligated to obtain insurance under the contract at issue. In denying Loffland's claim for indemnity, the district court applied an "either-or" analysis, under which, "Either Loffland obtained the proper insurance coverage or it did not. If it did, Phillips was protected up to $500,000.00 for any injuries. If Loffland did not obtain an insurance policy in compliance with the drilling contract, it was not entitled to indemnification because it had breached its contract."[92] The Fifth Circuit affirmed the district court's decision, and held that the indemnity and insurance provisions "must be read in conjunction with each other in order to properly interpret the meaning of the contract."[93] The Fifth Circuit concluded that the parties intended for Phillips to be shielded from liability for injuries on its off-shore platform up to $500,000, and that the indemnity provisions would come into effect for damages in excess of $500,000.[94] Because the plaintiff's claim and actual settlement amounts were both less than $500,000, the

---

[91] R. Doc. 54-1 at p. 11 (citing *Ogea*, 622 F.2d 186, 190 (5th Cir. 1980)).
[92] *Ogea*, 622 F.2d at 188.
[93] *Id*. at 189-90.
[94] *Id*. at 190.

Fifth Circuit held that Phillips should not incur any liability and that the indemnity provisions did not come into play.

In its Motion, Oceaneering asks the Court to apply the same either-or analysis to this case, asserting that, "either Huisman procured the appropriate insurances as required by contract, which would satisfy any and all alleged liability, or Huisman is obligated to indemnify Oceaneering."[95]  The Court rejects that request, which is based upon a fundamental misunderstanding of *Ogea*.  As set forth above, the Fifth Circuit in *Ogea* affirmed the district court's decision that Loffland could not invoke its right to indemnity under the contract because it had breached its own obligation under the contract to obtain insurance.  That is not the case here.  Instead, Oceaneering argues that Huisman was contractually obligated to defend and indemnify Oceaneering against Cole's claims *and* to obtain comprehensive general liability insurance with a $1,000,000 limit.  Thus, the "either-or analysis" is not applicable in this case.

Instead, the Court applies the standard applicable to all motions for summary judgment and must determine whether Oceaneering has met it burden of proving that there are no genuine issues of material fact and that it is entitled to summary judgment on its claim that Huisman breached its insurance obligation.  The Court finds that Oceaneering has failed to carry that burden.  As Huisman points out, there is no summary judgment evidence before the Court indicating that Huisman failed to procure appropriate insurance as required under the 2013 Mutual Indemnity and Waiver Agreement.  Oceaneering relies upon conclusory allegations in its Motion, the

---

[95] R. Doc. 54-1 at p. 12.

2018 Purchase Order Terms and Conditions, and State National Insurance Company's claim denial, none of which demonstrate that Huisman failed to procure sufficient insurance under the contracts. The Court likewise rejects Oceaneering's argument that State National Insurance Company's denial of its insurance claim "is direct evidence of Huisman's breach of contract." Oceaneering cites *ExxonMobil Corp. v. Electrical Reliability Serv's, Inc.* [96] to support its argument that the indemnity and insurance provisions in the 2018 Terms and Conditions must be read separately and independently of each other, and that the insurance provision is not tied to the indemnity provision.[97] The *ExxonMobil* case, however, does not support Oceaneering's position and, instead, supports the Court's conclusion that Huisman's insurance obligation under the 2013 Mutual Indemnity and Waiver Agreement is limited to its duty to defend and indemnify Oceaneering under the two contracts.

The Fifth Circuit in *ExxonMobil* considered whether the defendant's insurance obligation was limited by its indemnity obligation.[98] In making that determination, the Fifth Circuit reviewed a decision from the Supreme Court of Texas in which the court addressed the same argument raised by Oceaneering, that the indemnity and insurance provisions were "separate and independent."[99] The court in *Deepwater Horizon* explained that this argument conflates duty with scope: "[S]imply because the duties to indemnify and maintain insurance may be separate and independent

---

[96] R. Doc. 82 at p. 11 (citing *ExxonMobil Corp*, 868 F.3d 408, 417-18 (5th Cir. 2017)).
[97] R. Doc. 82 at pp. 11-12.
[98] 868 F.3d at 414.
[99] *Id.* at 417 (citing *In re Deepwater Horizon*, 470 S.W.3d 452, 468 (Tex. 2015), *opinion after certified question answered*, No. 12-30230, 2015 WL 13918242 (5th Cir. June 9, 2015)).

does not prevent them from also being congruent; that is, a contract may reasonably be construed as extending the insured's additional-insured status only to the extent of the risk the insured agreed to assume." [100]   Although not mentioned by Oceaneering, the Fifth Circuit in *ExxonMobil* ultimately concluded that the insurance and indemnity provisions at issue "are more similar to those in *ATOFINA* than to those in *Deepwater Horizon* in that there is no language in either provision suggesting that the parties intended the scope of the indemnity provision to govern the scope of the insurance provision." [101]   As previously discussed, the insurance provisions in the 2013 Mutual Indemnity and Waiver Agreement specify that Huisman's insurance obligation is limited to the extent of Huisman's obligation to defend and indemnify Oceaneering.  The Court has already determined that Huisman did not have a duty to defend and indemnify Oceaneering in this matter.[102]   Thus, there is no evidence that Huisman breached its insurance obligation when its insurer, State National Insurance Company, denied Oceaneering's insurance claim on the basis that Huisman did not have a duty to defend or indemnify Oceaneering.

Based on the summary judgment evidence of record, the Court finds the Oceaneering has failed to show that it is entitled to summary judgment on its third-party claim that Huisman breached its insurance obligation under the 2021 Purchase Order.  As such, Oceaneering's Motion is denied.  The Court further finds that Huisman has demonstrated that it is entitled to summary judgment on Oceaneering's

---

[100] 868 F.3d at 417 (quoting *Deepwater Horizon*, 470 S.W.3d at 468).
[101] *ExxonMobil*, 868 F.3d at 417 (citing *Evanston Ins. Co. v. ATOFINA Petrochemicals, Inc.*, 256 S.W.3d 660 (Tex. 2008); *Deepwater Horizon*, *supra*).
[102] R. Doc. 189.

third-party claim because there is no genuine issue of material fact that Huisman did not breach its insurance obligations under the 2021 Purchase Order.  Accordingly, the Court will grant Huisman's request for summary judgment.[103]

## IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Oceaneering International, Inc.'s Motion for Summary Judgment on its Cross-Claim Against Huisman North America Services, LLC[104]  is **DENIED in part** and **DENIED in part as moot.**  To the extent Oceaneering seeks summary judgment on its defense and indemnity claim against Huisman, the Motion is **DENIED as moot.**  The Motion is otherwise **DENIED.**

**IT IS FURTHER ORDERED** that Huisman North America Services, LLC is entitled to summary judgment on Oceaneering's third-party claim that Huisman breached the 2021 Purchase Order by not providing the required coverage to protect/insure Oceaneering from the claims of Darryl Cole, and that claim is hereby **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, August 1, 2023.

**WENDY B. VITTER**
**United States District Judge**

---

[103] *See*, R. Doc. 63 at pp. 1 & 10-11.
[104] R. Doc. 54.