## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

**DARRYL COLE**

**VERSUS**

**OCEANEERING INTERNATIONAL, INC.**

**CIVIL ACTION NO. 2:21-cv-01348**

**SECTION "D"**

**JUDGE WENDY B. VITTER**

**MAG. JUDGE MICHAEL NORTH**

## <u>PROPOSED JURY INSTRUCTIONS</u>

NOW INTO COURT, through undersigned counsel, come Plaintiff, Darryl Cole, ("Plaintiff" or "Mr. Cole"); Defendant, Oceaneering International, Inc. ("Oceaneering"); Defendant, Huisman North America Services, LLC ("Huisman"); Defendant, Pharma-Safe Industrial Services, Inc. ("Pharma-Safe"); and Defendant, Dr. Robert Davis, M.D. ("Dr. Davis") who respectfully submit the following proposed jury instructions. Because the parties were unable to agree to either set of jury instructions, Plaintiff and Oceaneering have submitted their own respective suggestions, together with the other's objections.

Third-party defendant and purported defendant, Dr. Robert W. Davis, generally objects to the proposed jury instructions in this case as they may apply to him. Dr. Davis maintains that the medical malpractice claim forming the basis of the third-party complaint and tender against him are outside of this Court's Admiralty jurisdiction and are governed by Louisiana state law. Alternatively, should this Court retain admiralty jurisdiction, Dr. Davis maintains that the Louisiana Medical Malpractice Act applies through maritime supplementation. These issues are currently pending in a Rule 12 motion, and Dr. Davis objects to submission of jury instructions in light of the uncertainty of which law may or may not apply to him. Dr. Davis reserves the right to supplement these instructions pending a ruling on his motion.

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

**1. Instructions for Beginning of Trial**

Members of the jury panel, if you have a cell phone, PDA, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.[1]

---

[1] Fifth Circuit Pattern Jury Instruction 1.1.

## 2. Preliminary Instructions to Jury

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with

you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, the plaintiff will present his case through witness testimony and documentary or other evidence. Next, the defendant will have an opportunity

to present its case. The plaintiff may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments. **Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.**

**Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, the closing arguments, and my instructions.**

**It is now time for the opening statements.[2]**

---

[2] Fifth Circuit Pattern Jury Instruction 1.2.

### 3.  Stipulated Testimony[3]

A "stipulation" is something that the attorneys agree is accurate. When there is no dispute about certain testimony, the attorneys may agree or "stipulate" to that testimony.

Stipulated testimony must be considered in the same way as if that testimony had been received here in court.[4]

---

[3] OII objects to this instruction as it is unnecessary; there is no stipulated testimony; there is simply deposition testimony.
[4] Fifth Circuit Pattern Jury Instruction 2.2.

### 4. Stipulations of Fact

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.[5]

---

[5] Fifth Circuit Pattern Jury Instruction 2.3.

### 5. Discontinuance as to Some Parties

Certain parties are no longer involved in this trial. As jurors, it is your duty to consider the issues among the remaining parties.[6]

---

[6] Fifth Circuit Pattern Jury Instruction 2.5.

### 6.  Charts and Summaries

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.[7]

---

[7] Fifth Circuit Pattern Jury Instruction 2.7.

### 7. Demonstrative Evidence

Some exhibits are merely illustrations. It is a party's description used to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.[8]

---

[8] Fifth Circuit Pattern Jury Instruction 2.8.

### 8.  Impeachment by Witness's Inconsistent Statements

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.[9]

---

[9] Fifth Circuit Pattern Jury Instruction 2.11.

### 9. Deposition Testimony

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been read or shown to you today. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility as if the witness had been present and had testified from the witness stand in court.[10]

---

[10] Fifth Circuit Pattern Jury Instruction 2.13.

### 10. Bias—Corporate Party Involved

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.[11]

---

[11] Fifth Circuit Pattern Jury Instruction 2.16.

**11. Jury Charge**

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may

not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.[12]

---

[12] Fifth Circuit Pattern Jury Instruction 3.1.

**12. Burden of Proof: Preponderance of The Evidence**

      Plaintiff has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.[13]

---

[13] Fifth Circuit Pattern Jury Instruction 3.2.

### 13. Evidence

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.[14]

---

[14] Fifth Circuit Pattern Jury Instruction 3.3.

### 14. Witnesses

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.[15]

---

[15] Fifth Circuit Pattern Jury Instruction 3.4.

**15. Expert Witnesses**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.[16]

---

[16] Fifth Circuit Pattern Jury Instruction 3.5.

### 16. No Inference from Filing Suit

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.[17]

---

[17] Fifth Circuit Pattern Jury Instruction 3.6.

**17. Duty to Deliberate; Notes**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep

in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.[18]

---

[18] Fifth Circuit Pattern Jury Instruction 3.7.

**18. Introductory Instruction Regarding Jones Act Status, Vicarious Liability and Borrowed Servant Status**

The Court has found that the Plaintiff, Mr. Cole, is a Jones Act seaman and that Defendant Oceaneering is his Jones Act employer.[19]

The Court has found that the Plaintiff, Mr. Cole, is a borrowed employee of Defendant Oceaneering, who is also Plaintiff's Jones Act employer. That means that even though Defendant Oceaneering is not the direct employer of the Plaintiff, you may assume for the purposes of this case and these instructions that "employer" and/or "Jones Act employer" refers to Defendant Oceaneering.[20]

The Court has found that Oceaneering is responsible for any negligence attributable to Pharma-Safe and/or Keith Thompson in rendering medical care to the Plaintiff, Mr. Cole.[21]


**Oceaneering objects to this proposed jury instruction as unnecessary, inaccurate, and irrelevant. A more accurate statement is set forth in the next sentence. This instruction attempts to taint the venire by advising of a legal determination that was never made; factual allegations of fault are not proper jury instructions. Further, this instruction is improper as to allocation of fault.**

---

[19] Rec. Doc. 223.

[20] Rec. Doc. 224.

[21] Rec. Doc. 225; *Hopson v. Texaco, Inc.*, 383 U.S. 262 (1966); *Randle v. Crosby Tugs*, L.L.C., 911 F.3d 280 (5th Cir. 2018).

### 19. Jones Act[22]

The Plaintiff, Mr. Cole, is a seaman asserting three separate claims against Defendant Oceaneering.

Plaintiff's first claim, under the federal law known as the Jones Act, is that his Jones Act employer, Defendant Oceaneering, was negligent, and that this negligence was a cause of his injuries. Plaintiff's second claim is that unseaworthiness of a vessel caused his injuries. Plaintiff's third claim is for what is called maintenance and cure.

You must consider each of these claims separately. Plaintiff is not required to prove all of these claims. He may recover if he proves any one of them. However, he may recover only those damages or benefits the law provides for the claims that he proves, and he may not recover the same damages or benefits more than once.

**Oceaneering objects to this proposed jury instruction as unnecessary, irrelevant, and seeks to instruct the jury on a claim that is unrecoverable.**

---

[22] Fifth Circuit Pattern Jury Instruction 4.3.

### 20. Jones Act Negligence[23]

Under the Jones Act, the Plaintiff, Mr. Cole, must prove that his Jones Act employer was negligent. Negligence is doing an act that a reasonably prudent person would not do, or failing to do something that a reasonably prudent person would do, under the same or similar circumstances. The occurrence of an accident, standing alone, does not mean that anyone was negligent or that anyone's negligence caused the accident.

In a Jones Act claim, the word "negligence" is liberally interpreted. It includes any breach of duty that the Jones Act employer owes to its employees who are seamen, including the duty of providing for the safety of the crew. Under the Jones Act, if the employer's negligent act was the cause, in whole or in part, of injury to a seaman employee, then you must find that the employer is liable under the Jones Act.

In other words, under the Jones Act, Defendant Oceaneering bears the responsibility for any negligence that played a part, however slight, in causing Plaintiff's injury. Negligence may be a cause of injury even though it operates in combination with another's act or with some other cause, if the negligence played any part in causing such injury.

Negligence under the Jones Act may consist of a failure to comply with a duty required by law. Employers of seamen have a duty to provide their employees with a reasonably safe place to work. If you find that Plaintiff was injured because Defendant Oceaneering failed to furnish him with a reasonably safe place to work, and that Plaintiff's working conditions could have been made safe through the exercise of reasonable care, then you must find that Defendant was negligent.

The fact that Defendant Oceaneering conducted its operations in a manner similar to that of other companies is not conclusive as to whether Defendant Oceaneering was negligent or not.

---

[23] Fifth Circuit Pattern Jury Instruction 4.4.

You must determine if the operation in question was reasonably safe under the circumstances. The fact that a certain practice had been continued for a long period of time does not necessarily mean that it is reasonably safe under all circumstances. A long-accepted practice may be an unsafe practice. A practice is not necessarily unsafe or unreasonable, however, merely because it injures someone.

A seaman's employer is legally responsible for the negligence of one of its employees while that employee is acting within the course and scope of his job.

**Oceaneering objects to this proposed jury instruction as inaccurate and unnecessary.**

### 21. Unseaworthiness[24]

Plaintiff seeks damages for personal injury that he claims was caused by the unseaworthiness of Defendant Oceaneering's vessel, the DSV Ocean Patriot.

A shipowner owes every member of the crew employed on its vessel the absolute duty to keep and maintain the vessel and all its decks and passageways, appliances, gear, tools, parts and equipment in a seaworthy condition at all times.

A seaworthy vessel is one that is reasonably fit for its intended use. The duty to provide a seaworthy vessel is absolute because the owner may not delegate that duty to anyone. Liability for an unseaworthy condition does not in any way depend on negligence or fault or blame. If an owner does not provide a seaworthy vessel—a vessel that is reasonably fit for its intended use—no amount of care or prudence excuses the owner.

The duty to provide a seaworthy vessel includes the duty to supply an adequate and competent crew. A vessel may be unseaworthy even though it has a numerically adequate crew, if too few persons are assigned to a given task.

However, the vessel owner is not required to furnish an accident-free ship. It need only furnish a vessel and appurtenances that are reasonably fit for the intended use and a crew that is reasonably adequate for the assigned tasks.

The vessel owner is not required to provide the best appliances and equipment, or the finest crews, on its vessel. It is required to provide only gear that is reasonably proper and suitable for its intended use and a crew that is reasonably adequate.

In summary, if you find that the vessel owner did not provide an adequate crew of sufficient number to perform the tasks required, or if you find that the vessel was in any manner unfit under the law as I have explained it to you and that this was a proximate cause of the injury, a term I will explain to you, then you may find that the vessel was unseaworthy

---

[24] Fifth Circuit Pattern Jury Instruction 4.5

and the vessel owner liable, without considering any negligence on the part of the vessel owner or any of its employees.

However, if you find that the owner had a capable crew, and had appliances and gear that were safe and suitable for their intended use, then the vessel was not unseaworthy and Defendant Oceaneering is not liable to Plaintiff, Mr. Cole, on the claim of unseaworthiness.

### 22. Causation[25]

Not every injury that follows an accident necessarily results from it. The accident must be the cause of the injury.

In determining causation, different rules apply to the Jones Act claim and to the unseaworthiness claim.

Under the Jones Act, for both the employer's negligence and the seaman's contributory negligence, an injury or damage is considered caused by an act or failure to act if the act or omission brought about or actually caused the injury or damage, in whole or in part. In other words, under the Jones Act, a defendant and a plaintiff each bear the responsibility for any negligence that played a part, however slight, in causing the plaintiff's injury.

For the unseaworthiness claim, the seaman must show not merely that the unseaworthy condition was a cause of the injury, but that such condition was a proximate cause of the injury. This means that the Plaintiff, Mr. Cole, must show that the condition in question played a substantial part in bringing about or actually causing his injury, and that the injury was either a direct result or a reasonably probable consequence of the condition.

**Oceaneering objects to this proposed jury instruction as redundant and previously included in an earlier instruction; further this instruction is inaccurate as to the appropriate standard and provides an inaccurate representation of current law in this Circuit.**

---

[25] Fifth Circuit Pattern Jury Instruction 4.6.

### 23. Contributory Negligence[26]

Defendant Oceaneering contends that Plaintiff was negligent and that Plaintiff's negligence caused or contributed to causing his injury. This is the defense of contributory negligence. Plaintiff's negligence will be considered a cause of the injury if it played a part—no matter how slight—in bringing about his injury. Defendant Oceaneering has the burden of proving that Plaintiff was contributorily negligent. If Plaintiff's negligence contributed to his injury, he may still recover damages, but the amount of his recovery will be reduced by the extent of his contributory negligence.

A seaman is obligated under the Jones Act to act with ordinary prudence under the circumstances. The circumstances of a seaman's employment include not only his reliance on his employer to provide a safe work environment, but also his own experience, training and education. Under the Jones Act, a seaman has the duty to exercise that degree of care for his own safety that a reasonable seaman would exercise in like circumstances.

You may find Plaintiff was contributorily negligent if you find that he concealed material information about a preexisting injury or physical condition from his employer; exposed his body to a risk of reinjuring or aggravating a preexisting injury or condition; and then suffered reinjury or aggravation of that injury or condition.

If you find that Defendant Oceaneering was negligent and/or that the DSV Ocean Patriot was unseaworthy, and that the negligence and/or unseaworthiness was a proximate cause of Plaintiff's injury, but you also find that the accident was due partly to Plaintiff's contributory negligence, then you must determine the percentage Plaintiff's negligence contributed to the accident. You will provide this information by filling in the appropriate blanks in the jury questions. Do not make any reduction in the amount of damages that you

---

[26] Fifth Circuit Pattern Jury Instruction 4.7.

award to the Plaintiff, Mr. Cole. It is my job to reduce any damages that you award by any percentage of contributory negligence that you assign to Plaintiff.

### 24. Compensatory Damages[27]

If you find that Defendant Oceaneering is liable, you must award the amount you find by a preponderance of the evidence is full and just compensation for all of Plaintiff's damages. You also will be asked to determine if Defendant Oceaneering is liable for punitive damages. Because the methods of determining punitive damages and compensatory damages differ, I will instruct you separately on punitive damages. The instructions I give you now apply only to your consideration of compensatory damages.

Compensatory damages are not allowed as a punishment against a party. Such damages cannot be based on speculation, because compensatory damages must be actual damages to be recoverable. But compensatory damages are not restricted to out-of-pocket losses of money or lost time. Instead, compensatory damages may include mental and physical aspects of injury, tangible and intangible. Compensatory damages are intended to make Plaintiff whole, or to restore him to the position he would have been in if the accident had not happened.

In determining compensatory damages, you should consider only the following elements, to the extent you find that Plaintiff has established them by a preponderance of the evidence: past and future physical pain and suffering, including physical disability, impairment, and inconvenience, and the effect of Plaintiff's injuries and inconvenience on the normal pursuits and pleasures of life; past and future mental anguish and feelings of economic insecurity caused by disability; income loss in the past; impairment of earning capacity or ability in the future, including impairment of Plaintiff's earning capacity due to his physical condition; past medical expenses; and the reasonable value, not exceeding

---

[27] Fifth Circuit Pattern Jury Instruction 4.8.

actual cost to Plaintiff, of medical care that you find from the evidence will be reasonably certain to be required in the future as a proximate result of the injury in question.

If you find that Plaintiff is entitled to an award of damages for loss of past or future earnings, there are two particular factors you must consider. First you should consider loss after income taxes; that is you should determine the actual or net income that Plaintiff has lost or will lose, taking into consideration that any past or future earnings would be subject to income taxes. You must award the Plaintiff only his net earnings after tax. This is so because any award you may make here is not subject to income tax. The federal or state government will not tax any amount that you award on this basis.

Second, an amount to cover a future loss of earnings is more valuable to Plaintiff if he received the amount today than if he received the same amount in the future. If you decide to award Plaintiff an amount for lost future earnings, you must discount that amount to present value by considering what return would be realized on a relatively risk-free investment and deducting that amount from the gross future earning award.

However, some of these damages, such as mental or physical pain and suffering, are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, instead determining what amount that will fairly compensate Plaintiff for his injuries.

### 25. Punitive Damages[28]

You may, but are not required to, award punitive damages against a defendant if that defendant has acted willfully and wantonly. The purpose of an award of punitive damages is to punish the defendant and to deter it and others from acting as it did.

A defendant's action is willful or wanton if it is in reckless or callous disregard of, or with indifference to, the rights of the plaintiff. An actor is indifferent to the rights of another, regardless of the actor's state of mind, when it proceeds in disregard of a high and excessive degree of danger that is known to it or was apparent to a reasonable person in its position.

**Oceaneering objects to this jury instruction as unnecessary in this matter because these facts do not depict this case.**

---

[28] Fifth Circuit Pattern Jury Instruction 4.9.

**26. Maintenance and Cure**[29]

Plaintiff's third claim is that, as a seaman, he is entitled to recover maintenance and cure. This claim is separate and independent from both the Jones Act and the unseaworthiness claims of the Plaintiff, Mr. Cole. You must decide this claim separately from your determination of his Jones Act and unseaworthiness claims.

Maintenance and cure provides a seaman who is disabled by injury or illness while in the ship's service with medical care and treatment and the means of maintaining himself while he is recuperating.

Maintenance and cure is a seaman's remedy. Plaintiff is a seaman; therefore, you must determine whether he is entitled to maintenance and cure. When there are ambiguities or doubts about a seaman's right to maintenance and cure, you should resolve those ambiguities or doubts in the seaman's favor.

A seaman is entitled to maintenance and cure even though he/ was not injured as a result of any negligence on the part of his employer or any unseaworthy condition of the vessel. To recover maintenance and cure, Plaintiff need only show that he suffered injury or illness while in the service of the vessel on which he was employed as a seaman, without willful misbehavior on his part. The injury or illness need not be work-related; it need only occur while the seaman is in the ship's service. Maintenance and cure may not be reduced because of any negligence on the seaman's part.

The "cure" to which a seaman may be entitled includes the costs of medical attention, including the services of physicians and nurses as well as hospitalization, medicines and medical apparatus. However, the employer has no duty to provide cure for any period during which a seaman is hospitalized at the employer's expense.

---

[29] Fifth Circuit Pattern Jury Instruction 4.10.

Maintenance is the cost of food, lodging, and transportation to and from a medical facility. A seaman is not entitled to maintenance for any period that he is an inpatient in any hospital, because the cure provided by the employer through hospitalization includes the seaman's food and lodging.

A seaman is entitled to receive maintenance and cure from the date he leaves the vessel until he reaches what is called "maximum cure." Maximum cure is the point at which no further improvement in the seaman's medical condition is reasonably expected. If it appears that a seaman's condition is incurable, or that the treatment will not improve a seaman's physical condition but will only relieve pain, he has reached maximum cure. The obligation to provide maintenance and cure usually ends when qualified medical opinion is to the effect that maximum possible cure has been accomplished.

If you decide that Plaintiff is entitled to maintenance and cure, you must determine when the employer's obligation to pay maintenance began, and when it ends. One factor you may consider in determining when the period ends is when the seaman resumed his employment, if he did so. If, however, the evidence supports a finding that economic necessity forced the seaman to return to work before reaching maximum cure, you may take that finding into consideration in determining when the period for maintenance and cure ends.

If you find that Plaintiff is entitled to an award of damages under either the Jones Act or unseaworthiness claims, and if you award him either lost wages or medical expenses, then you may not award him maintenance and cure for the same period. That is because Plaintiff may not recover twice for the same loss of wages or medical expenses. However, Plaintiff may also be entitled to an award of damages if Defendant failed to pay maintenance and cure when it was due.

An employer who has received a claim for maintenance and cure is entitled to investigate the claim. If, after investigating the claim, the employer unreasonably rejects it, he is liable for both the maintenance and cure payments he should have made, and for any compensatory damages caused by his unreasonable failure to pay. Compensatory damages may include any aggravation of Plaintiff's condition because of the failure to provide maintenance and cure.

You may award compensatory damages because the employer failed to provide maintenance and cure if you find by a preponderance of the evidence that:

1.    Plaintiff was entitled to maintenance and cure;

2.    it was not provided;

3.    Defendant Oceaneering acted unreasonably in failing to provide maintenance and cure; and

4.    the failure to provide the maintenance and cure resulted in some injury to Plaintiff.

If you also find that the Jones Act employer's failure to pay maintenance and cure was not only unreasonable, but was also willful and wanton, that is, with the deliberate intent to do so, you may also award Plaintiff punitive damages and attorney's fees. You may not award these damages unless the employer acted callously or willfully in disregard of the seaman's claim for maintenance and cure. The purpose of an award of punitive damages is to punish a defendant and to deter the defendant and others from such conduct in the future.

A plaintiff may not recover attorney's fees for prosecuting Jones Act or unseaworthiness claims. Instead, fees may be recovered only for prosecuting claims that the employer not only failed to pay maintenance and cure but did so in willful and wanton disregard of the obligation to do so. You may award such attorney's fees only if you find

that the vessel owner acted willfully and wantonly in disregarding the vessel owner's obligation to pay maintenance and cure.


**Oceaneering objects to this proposed instruction as incomplete, inaccurate, and irrelevant to the claim at issue in this lawsuit. Further, Plaintiff has settled his maintenance and cure claim.**

### 27. General Maritime Law Negligence

The Plaintiff has asserted claims of General Maritime Law negligence against Pharma-Safe. Under General Maritime Law, negligence is the doing of some act which a reasonably prudent person would not do or the failure to do something which a reasonably prudent person would do under like circumstances.[30]

A party's negligence is actionable only if it is a substantial factor in causing Plaintiff's injuries.[31]

Under general maritime law, punitive damages may be available if the Plaintiff proves that Pharma-Safe's behavior is more than merely negligent, but rather was so egregious as to constitute gross negligence, reckless or callous disregard for the rights of others, or actual malice or criminal indifference.[32]

---

[30] *Bourg v. Hebert Marine, Inc.*, No. 86-2266, 1988 WL 2690, at *3 (E.D. La. Jan. 14, 1988) (citing *Tiller v. Atl. Coast Line R. Co.*, 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610 (1943)).

[31] *Howard v. Offshore Liftboats, LLC*, No. CV 13-4811, 2016 WL 145257, at *2 (E.D. La. Jan. 11, 2016).

[32] *Maritrans Operating Partners v. Diana T*, 1999 WL 144458, at *7 (E.D. La. 3/15/1999) (citing *In re Marine Sulphur Queen*, 460 F.2d 89, 105 (2d Cir. 1972)).

## OCEANEERING'S PROPOSED JURY INSTRUCTIONS
## DEFENDANT'S REQUESTED JURY CHARGE NO.  28

In deciding this case, you are expected to use your good sense.  Give the evidence and the testimony of the witnesses a reasonable and fair interpretation in the light of your knowledge of the natural tendencies of human beings. In weighing the testimony and in determining the credibility of any witness, you may consider the conduct of the witness, his bearing on the witness stand, his personal feelings as demonstrated by his testimony and his actions, any interest he may have in the outcome of the case, any prejudice or bias he may have shown, and any partiality he may have demonstrated.

You are not, of course, bound to believe something merely because someone swore to it because we all know that a person can swear to an untruth if he has the will to do so.

*Hoffa v. United States,* 385 U.S. 293, 312 n.14 (1966); 1. E.Devitt & Co. Blackmar, Federal Jury Practice and Instructions §12.01 at 252-53 (2d ed. 1970).

**Plaintiff does not object to this instruction; however, Plaintiff respectfully suggests that there is no need to deviate from the Fifth Circuit Pattern Jury Instructions on this particular charge.**

## DEFENDANT'S REQUESTED JURY CHARGE NO. 29

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, failed to say or do something, that was different from the testimony given at the trial.

5th Cir. Pattern Jury Instruction § 2.11

**Plaintiff objects to this proposed instruction because it is an incomplete statement of § 2.11, as the second paragraph of the Pattern Jury Instruction is omitted.**

## DEFENDANT'S REQUESTED JURY CHARGE NO. 30

In determining the degree of credibility that should be afforded to plaintiff's testimony, you are entitled to take into account the fact that he is the plaintiff and the very keen personal interest he has in the result of your verdict. You may also consider the importance to plaintiff of the outcome of the trial and of his motive for testifying as he did.

*United States v. Haney*, 429 F.2d 1282, 1284 at n.4 (5th Cir. 1970)

**Plaintiff objects to this jury instruction because it comes from a criminal case and would be prejudicial to Plaintiff, as it suggests that the jury should not believe his testimony.**

## DEFENDANT'S REQUESTED JURY CHARGE NO. 31

A witness may be discredited or impeached by contradictory evidence; or by evidence that at other times the witness has made statements which are inconsistent with the witness' testimony; or by evidence that the witness has been convicted of a felony; or by evidence that the general reputation of the witness for truth, honesty, or integrity is bad.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness has shown knowingly to have testified falsely concerning a material matter, you have a right to distrust any such witness' testimony in other particulars, and you may reject all the testimony of that witness, or give it such credibility that you may think it deserves.

If the testimony of a witness in court is different from a prior statement he has made, you have to decide if the testimony of the witness in court should be rejected because it is different from his prior statements. If you decide that the testimony has been discredited, then you must decide what weight, if any, to give to the testimony. If you find that a witness has testified falsely as to a material fact, then you have the right to reject the entire testimony of the witness or to reject only part of the testimony, based upon how much you are impressed with the truthfulness of the witness.

28 F.R.D. 426, Federal Jury Instructions, Section 3.06

**Plaintiff objects to this instruction because impeachment issues are sufficiently addressed by the Pattern Jury Instructions.**

## DEFENDANT'S REQUESTED JURY CHARGE NO. 32

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

5th Cir. Pattern Jury Instructions § 3.5.

**Plaintiff has no object to this proposed instruction.**

## <u>DEFENDANT'S REQUESTED JURY CHARGE NO. 33</u>

You are instructed that in the maritime industry there are inevitable hazards, some of them which can be severe in nature, which are inherent in the industry and can be expected by those who work on vessels and which are not occasioned by any negligence on the part of a defendant. If you find that plaintiff's accident or injuries were caused by such a condition which was inherent in the industry and could be expected under the circumstances, then you should find that the defendant was not negligent.

*Massey v. Williams-McWilliams*, 414 F.2d 675, 678-79 (5th Cir. 1969)

**Plaintiff objects to this proposed instruction because these issues are more than adequately addressed by the Pattern Jury Instructions. Further, the second sentence of this proposed instruction is not contained in the cited case.**

## DEFENDANT'S REQUESTED JURY CHARGE NO. 34

Certain testimony has been presented to you through a deposition.  A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial.  Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition.  Some time before this trial, attorneys representing the parties in this case questioned this witness under oath.  A court reporter was present and recorded the testimony.  The questions and answers have been read to you today. This deposition testimony is entitled to the same consideration as if the witness had been present and had testified from the witness stand in court.

U.S. Fifth Circuit Pattern Jury Instruction 2.13.

**Plaintiff has no objection to this proposed instruction.**

## DEFENDANT'S REQUESTED JURY CHARGE NO.  35

Mr. Cole has the burden of proving his case against Oceaneering by a preponderance of the evidence.  To establish by a preponderance of the evidence means to prove that something is more likely so than not so.  If you find that Plaintiff Cole has failed to prove any element of its claim by a preponderance of the evidence, then it may not recover on that claim.

5th Cir. Pattern Jury Instructions § 3.2.

**Plaintiff has no objection to this proposed instruction.**

## <u>DEFENDANT'S REQUESTED JURY CHARGE NO. 36</u>

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

5th Cir. Pattern Jury Instructions § 3.6.

**Plaintiff has no objection to this proposed instruction.**

## DEFENDANT'S REQUESTED JURY CHARGE NO.  37

The fact that an incident happened does not raise any presumption of negligence or fault on the part of anyone.  You are not to assume that the defendant was negligent or that the vessel was unseaworthy simply because the accident occurred.  Under the law, the mere occurrence of an accident or injury does not give rise to any inference that the defendant was negligent or the vessel was unseaworthy.  Negligence is an affirmative fact, which is not presumed but which must be proved by the party who alleges it; and it must be proved by a preponderance of the evidence. The burden rests with the plaintiff to establish, by a preponderance of evidence, that the defendant's negligence was a proximate cause of the accident and alleged injuries.

*See, e.g., Mitchell v. Trawler Racer*, 362 U.S. 539 (1960);

*Rogers v. Eagle Offshore Drilling Serv., Inc.*, 770 F.2d 549, 550 (5th Cir. 1985);

*Salis v. L&M Botruc Rental, Inc.*, 400 Fed. Appx. 900, 904 (5th Cir. 2010);

*Sheane v. Phoenix,* 208 F.Supp. 407 (E.D. La. 1962);

*Sumrall v. Aetna*, 124 So.2d 168 (La. App. 2, 1960);

*Oliver v. Pittaro*, 129 So.2d 39 (La. App. 2 1961);

*Covington v. Loffland*, 152 S.2d 108 (La. App. 3, 1963).

**Plaintiff objects to this proposed instruction because these issues are adequately addressed in the Fifth Circuit Pattern Jury Instructions.**

## DEFENDANT'S REQUESTED JURY CHARGE NO. 38

The law provides that "speculation as to the cause of an accident does not supply the factual support required to meet the plaintiff's evidentiary burden." If you find that plaintiff can offer nothing more than speculation concerning the cause of his accident, you must find for the defendant(s).

*See, e.g., Smith v. Casino New Orleans*, No. 12-0292 (La. App. 4th Cir. Oct. 3, 2012), 101 So.3d 507;

*See also Jamarillo v. U.S.*, 357 F. Supp. 172, 175 (S.D.N.Y. 1993).

**Plaintiff objects to this proposed instruction because these issues are adequately addressed in the Fifth Circuit Pattern Jury Instructions.**

## DEFENDANT'S REQUESTED JURY CHARGE NO.  39

Under the law, the duty to provide a person a "safe place to work" has a special and unique meaning.  It does not mean or imply that the place of work must be one in which the person could never be injured.  It merely implies that the work to be performed can be done without exposure to unreasonable risk of harm if the duties are performed properly and with reasonable care for one's own safety.  Defendant is not, and was not, the insurer of the safety of plaintiff, nor does the merely occurrence of an accident or injury give rise to any inference that defendant failed to furnish plaintiff with a safe place to work or was in any other respect negligent.

You are not to assume that defendant was negligent or failed to provide plaintiff with a safe place to work merely because an accident may have occurred.  The burden rests with the plaintiff to prove by a fair preponderance of the evidence that defendant failed to provide him with a safe place to work as that duty has been previously defined.  A vessel and/or its owner is not called upon to have the best of appliances and equipment, or the finest crews, but only such gear as is reasonably proper and suitable for its intended use and a crew that is reasonably adequate.

*Mitchell v. Trawler Racer*, 362 U.S. 539 (1960)

*Billedeaux v. Tidex, Inc.*, 3 F. 3d 437, at *2 (5th Cir. 1993)

**Plaintiff objects to this proposed instruction because these issues are adequately addressed in the Fifth Circuit Pattern Jury Instructions.**

## DEFENDANT'S REQUESTED JURY CHARGE NO. 40

Negligence is the failure to exercise the degree of care which an ordinary prudent person would use under the circumstances IN THE DISCHARGE OF THE DUTY THEN RESTING UPON HIM. Negligence is the failure of one owing this duty of care to another to do what an ordinarily prudent person would have done under the circumstances, or doing what such person would not have done. It is said to be the failure to use ordinary care under the circumstances.

Ordinary care is that care which reasonably prudent persons exercise in the management of their own affairs, in order to avoid injury to themselves or their property, or the persons or property of others.

Negligence is not an absolute term but a relative one. In deciding whether or not there is negligence in this case, the conduct in question must be considered in the light of all the surrounding circumstances as shown by the evidence. This rule rests on the self-evident fact that persons will react differently to different circumstances. Therefore, to arrive at a fair standard in this case, we must ask what conduct might reasonably have been expected of a persons of ordinary prudence under the same circumstances. Our answer to that question give us a criterion by which to determine whether or not the evidence before us proves negligence.

Because the amount of care exercised by reasonably prudent persons varies in proportion to the danger known to be involved in what is being done, it follows that the amount of caution required, in the exercise of ordinary care, will vary with the nature of what is being done, and all surrounding circumstances shown by the evidence in the case, to put it another way, as the danger that should reasonably be foreseen increases, so does the amount of care required by law.

An employer under the Jones Act, has the continuing duty to seamen employed on its vessel to perform work thereon to use ordinary care under the circumstances to furnish those seamen with a reasonably safe place in which to work and to use ordinary care under the circumstances to maintain and keep the vessel in a reasonably safe condition. A safe place to work in the law means a place where work can be performed without exposure to unreasonable risks of harm if the worker performs his duties with reasonable care for his own safety. A seaman is bound to a standard of ordinary prudence in the exercise of care for his own safety and not to any lesser duty of slight care.

"Benedict on Admiralty", Vol. 1B, Section 21;

*Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir. 1997).

**Plaintiff objects to this proposed instruction because these issues are adequately addressed in the Pattern Jury Instructions.**

## <u>DEFENDANT'S PROPOSED JURY CHARGE NO. 41</u>

A seaman is obligated under the Jones Act to act with ordinary prudence under the circumstances, which include not only his reliance on his employer to provide a safe work environment but also his own experience, training or education.

*Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 1331 (1997).


**Plaintiff does not object to this jury instruction, provided the rest of Fifth Circuit Pattern Jury Instruction 4.7 is given.**

## DEFENDANT'S PROPOSED JURY CHARGE NO. 42

The reasonable person standard while under the Jones Act negligence action becomes one of the reasonable seaman in like circumstances.

*Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 1331. (5th Cir.1997).

**Plaintiff does not object to this jury instruction, provided the rest of Fifth Circuit Pattern Jury Instruction 4.7 is given.**

## DEFENDANT'S PROPOSED JURY CHARGE NO.  43

I charge you that a seaman may be the borrowed servant serving one employer but that such does not mean that he ceases to be his immediate employer's employee.  In any commonsense meeting of the term, Huisman North America Services was the direct employer of Mr. Cole.  Under the Jones Act, Huisman would have remained his employer. Now that he is injured, Huisman cannot forget him.

*Spinks v. Chevron Oil Company*, 507 F.2d 215, 224-25 (5th Cir. 1975).

**Plaintiff objects to this proposed jury instruction as inflammatory and irrelevant. Oceaneering cannot suggest to the jury that Huisman owes Plaintiff any obligations that are relevant to this case.**

## DEFENDANT'S PROPOSED JURY CHARGE NO. 44

A seaman may have but one Jones Act employer.

*Spinks v. Chevron Oil Company*, 507 F.2d 215, 225 (5th Cir. 1975);

*Mahramas v. American Export Lines*, 475 F.2d 165 (2d Cir. 1972).

**Plaintiff objects to this proposed jury instruction as a blatant misstatement of the law and a contradiction of prior briefing by Oceaneering to this Court (See Rec. Doc. 144-1, at pp.6-7). Plaintiff incorporates by reference its Motion in Limine to Exclude Settlement Agreement [See Rec. Doc. 241].**

## DEFENDANT'S PROPOSED JURY CHARGE NO.  45

However, when a prime contractor or shipowner has assumed complete control over an employee so that the independent contractor ceases to be his employer entirely, the prime contractor employer becomes liable for maintenance and cure.

*Smith v. Dale Harte,* 313 F.Supp. 1164, (W.D. La. 1970);

*Spinks v. Chevron Oil Company*, 507 F.2d 215 (5th Cir. 1975).

**Plaintiff objects to this proposed jury instruction as irrelevant. Oceaneering was already found to be Plaintiff's Jones Act employer as a matter of law and, therefore, owes Plaintiff maintenance and cure as a matter of law.**

## DEFENDANT'S REQUESTED JURY CHARGE NO.  46

Unseaworthiness is separate and distinct from negligence. "Unseaworthiness results from a defective condition and is not the result of an isolated negligent act."

*Foster v. Destin Trading Corp.*, 700 So.2d 199, 204 (La. 1997).

**Plaintiff objects to this proposed jury instruction because the particulars of unseaworthiness are adequately addressed in the Fifth Circuit Pattern Jury Instructions.**

## DEFENDANT'S REQUESTED JURY CHARGE NO. 47

Plaintiff asserts a claim of unseaworthiness against Oceaneering: that its vessel, the OCEAN PATRIOT, was unseaworthy and that such was a cause of injuries Cole allegedly sustained.

For a vessel to be found unseaworthy, the injured seaman <u>must</u> prove that the vessel, including her equipment and crew, was not reasonably fit for its intended purpose.

The vessel owner is not required to provide the best appurtenances and equipment, or the finest crews, on its vessel. The owner is required to provide only gear that is *reasonably* proper and suitable for its intended use and a crew that is reasonably adequate.

If you find that the owner had a capable crew, and had appurtenances and gear that were safe and suitable for their intended use, then the vessel was <u>not</u> unseaworthy and Oceaneering is <u>not</u> liable to Plaintiff on the claim of unseaworthiness.

*Simeon v. T. Smith & Son, Inc.*, 852 F.2d 1432 (5th Cir. 1988);

*Jackson v. OMI Corp.*, 245 F.3d 525 (5th Cir. 1992);

*Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 550 (1960);

*See also* U.S. Fifth Circuit Pattern Instruction No. 4.5.

**Plaintiff objects to this proposed jury instruction because the particulars of unseaworthiness as adequately addressed in the Fifth Circuit Pattern Jury Instructions. Plaintiff further objects to Oceaneering's suggestion that inflection should be used in jury instructions.**

## DEFENDANT'S REQUESTED JURY CHARGE NO.  48

Not every injury that follows an accident necessarily results from it.  The accident must be the cause of the injury.

For the unseaworthiness claim, the seaman must show not merely that the unseaworthy condition was a cause of the injury, but that such condition was a proximate cause of the injury.  This means that Plaintiff, Mr. Cole, must show that the condition in question played a substantial part in bringing about or actually causing his injury, and that the injury was either a direct result or a reasonably probable consequence of the condition.

U.S. Fifth Circuit Pattern Jury Instruction 4.6;

*See also Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir. 1997) (*en banc*);

*CSX Transp., Inc. v. Robert McBride*, 131 S. Ct. 2630 (2011).

*Luwisch v. American Marine Corp.*, 956 F. 3d 320, 326 (5th Cir. 2020)

**Plaintiff has no objection to this proposed jury instruction, provided that the remainder of Fifth Circuit Pattern Jury Instruction 4.6 is given.**

## DEFENDANT'S PROPOSED JURY CHARGE NO.  49

Generally, contributory negligence is the neglect of the duty imposed upon a person or entity to exercise ordinary care for his own protection and safety which is a legally contributing cause of an accident.  In determining whether Mr. Cole is contributorily negligent, the standard of conduct to which he must conform is that of a reasonably prudent person under the circumstances.  If Mr. Cole by his own action subjects himself unnecessarily to danger, which should have been anticipated, and is injured thereby, he is contributorily negligent and at fault for his damages.

If you find that, under the facts of this case, Mr. Cole failed to act in a reasonable, prudent manner under the circumstances and exposed himself to danger or placed himself in a position of obvious or known peril, and was therefore negligent, even in the slightest degree, in a manner which contributed to or caused his injuries, then you must determine percentage-wise to what extent he contributed to his own injury.  You may find that Mr. Cole was negligent/at fault to the extent of one percent (1%) to one hundred percent (100%).

28 F.R.D. 401, 494, 499;

*Page v. St. Louis Southwestern R.R.*, 349 F.2d 820 (5 Cir. 1965);

*Olszewski v. United Fruit Co.*, 34 F. Supp. 113 (E.D. Pa. 1940);

*Davila v. S.S.VERCHARMIAN*, 1965 A.M.C. 2498 (E.D. Va. 1965);

*Mroz v. Dravo Corporation*, 429 F.2d 1156 (3 Cir. 1970);

U.S. Fifth Circuit Pattern Jury Instruction No. 4.7.

**Plaintiff has no objection to the Pattern Jury Instruction on these points and objects to this proposed jury instruction to the extent that it deviates from the Pattern Jury Instruction.**

## DEFENDANT'S REQUESTED JURY CHARGE NO. 50

If Plaintiff has affirmatively proved its claim against Oceaneering by a preponderance of the evidence, you must determine the damages to which Mr. Cole is entitled, if any. You should <u>not</u> interpret the fact that I am giving instructions about Plaintiff's alleged damages as an indication in any way that I believe that Mr. Cole should, or should not, win this case. It is your task first to decide whether Oceaneering is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Oceaneering is liable and that Plaintiff is entitled to recover money from Oceaneering.

5th Cir. Pattern Jury Instructions § 15.1

**Plaintiff has no objection to Pattern Jury Instruction 15.1 but objects to Oceaneering's inclusion of the word "affirmatively," which appears nowhere in the cited Fifth Circuit Pattern Jury Instruction. Plaintiff further objects to Oceaneering's suggestion that inflection should be used in jury instructions.**

## <u>DEFENDANT'S REQUESTED JURY CHARGE NO.  51</u>

If you find that the defendant aggravated plaintiff's pre-existing medical condition, then defendant must compensate the plaintiff *only* for the aggravation itself and not for the pre-existing condition or for medical procedures which would have been needed regardless of the alleged incident.

*Evans v. United Arab Shipping Co.,* 767 F. Supp. 1284 (D.N.J. 1991), *aff'd. by* 4 F.3d 207; "Benedict on Admiralty" Vol. 1B Section 32

**Plaintiff objects to this proposed jury instruction because it is irrelevant to the facts of this case, as there is no suggestion that Plaintiff's injuries pre-existed. Plaintiff further objects to Oceaneering's suggestion that inflection should be used in jury instructions.**

## DEFENDANT'S REQUESTED JURY CHARGE NO. 52

Damage for which reimbursement is prayed must be made certain and cannot be recovered on proof which is speculative and remote.

*Bartholomew v. Impastato*, 12 So.2d 700 (Rehearing refused, 13 So.2d 124);

Key 6-7 La. Digest (West) Verbo Damages;

*Johnson v. Penrod*, 510 F.2d 234 (5th Cir. 1975); cert. den. 96 S. Ct., 68

**Plaintiff objects to this proposed jury instruction because these issues are adequately addressed by the Fifth Circuit Pattern Jury Instructions.**

## DEFENDANT'S PROPOSED JURY CHARGE NO. 53

A Jones Act employer is entitled to investigate a seaman's claim for maintenance and cure benefits.[33]

**Plaintiff objects to this proposed jury instruction because these issues are adequately addressed by the Fifth Circuit Pattern Jury Instructions.**

## DEFENDANT'S PROPOSED JURY CHARGE NO. 54

---

[33] *Morales v. Garijak, Inc.*, 829 F.2d 1355, 1358 (5th Cir.1987).

A seaman can clearly have only one recovery for his medical expenses.

*Brister v. AWI, Inc.*, 946 F.2d 350, 361 (5th Cir. 1991)

**Plaintiff has no objection to this proposed jury instruction.**

## <u>DEFENDANT'S PROPOSED JURY CHARGE NO.  55</u>

If you find that Darryl Cole has already received a recovery for his medical expenses, you cannot again award him medical expenses in the event that you find medical expenses are due and owing.

*Brister v. AWI, Inc.*, 946 F.2d 350, 361 (5th Cir. 1991)

**Plaintiff objects to this proposed jury instruction as irrelevant because the only amounts paid to Plaintiff in settlement were by Huisman for a disputed claim.**

## DEFENDANT'S PROPOSED JURY CHARGE NO.  56

I charge you that the law is that a litigant may not recover compensation for a single claim more than once.  This includes maintenance and cure expenses.

*Manchack v. SS Overseas Progress*, 524 F.2d 918 (5th Cir. 1975).

**Plaintiff objects to this proposed jury instruction as irrelevant because the only amounts paid to Plaintiff in settlement were by Huisman for a disputed claim.**

## DEFENDANT'S PROPOSED JURY CHARGE NO. 57

A shipowner has no duty to provide a seaman with maintenance and cure when it has no knowledge that the seaman is receiving medical treatment. In other words, the plaintiff has a duty and obligation to notify the shipowner that he is receiving medical treatment.

*Lipari v. Maritime Overseas Corporation*, 493 F.2d 207, 212 (5th Cir. 1974).

**Plaintiff objects to this proposed jury instruction as irrelevant, as Oceaneering has had knowledge that Plaintiff has received medical treatment since, at the bare minimum, the time in which this lawsuit was filed in 2021. It is disingenuous to suggest otherwise to the jury.**

### DEFENDANT'S PROPOSED JURY CHARGE NO. 58

I charge you that a seaman is not entitled to recover twice for the same elements of damages. Under this doctrine, if Mr. Cole is compensated for his maintenance and cure by a settlement, a non-settling defendant such as Oceaneering, has no further liability for that same injury.

*Hannon v. Waterman S.S. Corp.*, 1991 WL 278996, at *4 (E.D. La. Dec. 20, 1991).

*Combo Maritime Inc. v. U.S. United Bulk Terminal, LLC*, 615 F. 3d 599, 603 (5th Cir. 2010).

*Gooden v. Sinclair Refining Co.*, 378 F. 2d 576, 580 (3d Cir. 1967).

**Plaintiff objects to this proposed jury instruction as irrelevant because the only amounts paid to Plaintiff in settlement were by Huisman for a disputed claim.**

## DEFENDANT'S PROPOSED JURY CHARGE NO.  59

In order for the vessel owner to be liable in damages regarding a seaman's efforts to collect maintenance payments, it must be shown that the shipowner did not act in good faith, the vessel owner did not act in good faith and moreover, was arbitrary, capricious, callous, recalcitrant or clearly unjustified in failing to pay maintenance.

*Vaughan v. Atkinson*, 369 U.S.  527 (1962)

*Roberson v. S/S American Builders*, 265 F.Supp. 794, 799 (E.D. Va. Mar. 29, 1967)

Fifth Cir. Pattern Jury Charge 4.10.

**Plaintiff objects to this proposed jury instruction because these issues are adequately addressed in the Fifth Circuit Pattern Jury Instructions.**

## DEFENDANT'S PROPOSED JURY CHARGE NO. 60

You should note that where a non-settling defendant shows it was not privy to the settlement negotiations and that the settlement parties did not clearly articulate how the settlement funds were to be allocated to the specific elements of damage, the burden shifts to the plaintiff to prove that the settlement did not represent elements of common damages and resolve all damages for that claim.

*U.S. Industries v. Touche Ross*, 854 F.2d, 1223 (10th Circ. 1988);

*Hannon v. Waterman Steamship Corp.*, 1991 WL 278996 (E.D. La.)

*Combo Maritime Inc. v. U.S. United Bulk Terminal, LLC*, 615 F. 3d 599, 603 (5th Cir. 2010)

**Plaintiff objects to this proposed jury instruction as irrelevant because the only amounts paid to Plaintiff in settlement were by Huisman for a disputed claim.**

## DEFENDANT'S PROPOSED JURY CHARGE NO. 61

A "full release" of a claim is one in which the plaintiff releases all potential joint tortfeasors from liability. Plaintiff settled his claim for maintenance and cure with his direct employer, Huisman; he now seeks to recover the same claim from Oceaneering. Plaintiff cannot recover twice on a claim for maintenance and cure.

If Plaintiff did not execute a full release of the claim; therefore, Plaintiff has not right of contribution for maintenance and cure as against Oceaneering.

*Turn Services, LLC v. Gulf South Marine Transp., Inc.*, Civ. No. 20-3012, R. Doc. 64, (E.D. La. Jan. 13, 2023) (Vitter, J.).

*Combo Maritime Inc. v. U.S. United Bulk Terminal, LLC*, 615 F. 3d 599, 603 (5th Cir. 2010).

*Spinks v. Chevron Oil Co.*, 507 F. 2d 216, 224-225 (5th Cir. 1975).

**Plaintiff objects to this proposed jury instruction as irrelevant because Plaintiff is not bringing a contribution claim but rather is bringing a direct claim against Oceaneering.**

**DEFENDANT'S PROPOSED JURY CHARGE NO.  62**

I charge you that in April 2023, this Court found that Darryl Cole was not Oceaneering's seaman.  In July 2023, this Court changed that finding and held that Plaintiff Cole was the borrowed employee of Oceaneering and a seaman for Jones Act purposes.

Accordingly, you may only award punitive damages, for failure to pay maintenance and cure if you find that Oceaneering has been arbitrary and capricious after this Court's July 11, 2023 ruling finding that Mr. Cole was a borrowed employee of Oceaneering.  You may not find Oceaneering arbitrary and capricious for any action or inaction of Oceaneering that occurred prior to July 11, 2023.


*See*, R. Doc. 205 (Order Granting OII's MJS re: Jones Act Status).

*See*, R. Doc. 223. (Order Granting Motion for Reconsideration).


**Plaintiff has no objection to this proposed jury instruction.**

Pharma-Safe Proposed Charge

Medical Malpractice Elements

The Plaintiff's first claim is that the Defendants committed medical malpractice, or negligence, in connection with the medical care the Plaintiff received while aboard the OCEAN PATRIOT.  As I mentioned at the beginning of trial, the thrust of the claim is that Keith Thompson was negligent in providing medical care to the Plaintiff.  In broad terms, then, when we speak of a claim for medical malpractice, we are really talking about an allegation of negligence the shipboard medic.  In general, negligence means a failure to exercise reasonable care for the safety of another.  Negligence may result from not doing something that a reasonably prudent person would have done, or from doing something that a reasonably prudent person would not have done under the same or similar circumstances.

More specifically, there are four elements to a medical malpractice (or medical negligence) claim.  The Plaintiff must show by a preponderance of the evidence that:

(1) the Defendants had a duty to exercise that degree of skill ordinarily employed by the average medical professional in his specialty acting in the same or similar circumstances;

(2) the Defendants failed to act in accordance with that duty — in other words, he breached his duty or deviated from it;

(3) the Plaintiff suffered an injury or injuries as a result of the breach of duty to him;

(4) and the injury or injuries were proximately or directly caused by that breach of duty.  I am now going to explain each of these elements in more detail.

**Plaintiff objects to this charge because it was provided  late, does not contain any citations and because Plaintiff has not had a fair opportunity to  research its appropriateness.**

Pharma-Safe Proposed Charge

Duty & Standard of Care

The Plaintiff must first define the duty that Keith Thompson owed to the Plaintiff as his medic. This requires comparing Mr. Thompson's conduct against a standard of accepted conduct.

When treating patients, medics are required by law to conform their conduct to an accepted standard of care. Specifically, the medic must use the degree of care and skill that is expected of a reasonably competent practitioner in the same class to which he belongs, acting in the same or similar circumstances, having due regard for the state of scientific knowledge at the time of treatment.

In defining the standard of care, you can compare a medic's conduct to other medics engaged in the same type of practice — in this case, offshore, shipboard, pre-hospital medical treatment. Here, the parties agree that the relevant standard of care pertains to providing offshore, shipboard, pre-hospital medical treatment in February 2021. The standard required medics to provide treatment in a reasonable manner at that time.

**Plaintiff objects to this charge because it was provided late, does not contain any citations and because Plaintiff has not had a fair opportunity to research its appropriateness.**

Pharma-Safe Proposed Charge

Breach / Deviation from Duty

The second element to be proved is that Keith Thompson deviated from the accepted standard of care. Such a deviation may result from either an act or an omission, meaning the failure to take an action that should have been taken. You must determine whether Keith Thompson did what a reasonably competent medical professional would have done under similar circumstances. In other words, you must decide whether the Keith Thompson cared for the Plaintiff in a reasonable manner in light of the standard of care that I just described. Keith Thompson's conduct should be judged based on the information available to him at the time of treatment.

The fact that a medic chooses a treatment that later proves to be unsuccessful does not necessarily mean there was a breach of the standard of care, if the treatment selected was appropriate based on the information then available to a reasonably prudent medic in like circumstances.

In addition, the fact that the treatment resulted in certain side effects or complications on a particular patient does not, by itself, mean that the medic was negligent.

**Plaintiff objects to this charge because it was provided late, does not contain any citations and because Plaintiff has not had a fair opportunity to research its appropriateness.**

Pharma-Safe Proposed Charge

Injury

The third element to be proved is that the Plaintiff suffered harm.  I will say more about damages a little later.  For now, all you need to understand is that the Plaintiff must establish that he has experienced an injury or injuries.


**Plaintiff objects to this charge because it was provided  late, does not contain any citations and because Plaintiff has not had a fair opportunity to  research its appropriateness.**

Pharma-Safe Proposed Charge

Proximate Cause - General

The fourth and final element to be established is causation. If you find that Keith Thompson deviated from the standard of care and that the Plaintiff suffered an injury, the next question is whether the deviation caused that injury. You must determine whether Keith Thompson's breach of duty is the "proximate cause," meaning the direct cause, of the injury.

Proximate cause may be established by showing that a result would not have occurred but for the defendant's negligence, and that the result was the natural and probable consequence of that negligence. In medical malpractice cases, whether treatment caused an injury involves questions of technical expertise. Thus, a plaintiff must establish causation using expert testimony. Absolute certainty about causation is not required. Rather, an expert must merely state that Keith Thompson caused the injury in question to a reasonable degree of medical certainty.

**Plaintiff objects to this charge because it was provided late, does not contain any citations and because Plaintiff has not had a fair opportunity to research its appropriateness**

Pharma-Safe Proposed Charge

Proximate Cause – Preexisting Conditions

For some plaintiffs, the injuries they experience may result, in part, from a preexisting condition.  This does not necessarily prevent finding that a defendant's negligence, if a jury finds him negligent, also caused the plaintiff harm.  For instance, it may be found that a defendant's negligence contributed to a plaintiff's preexisting injury; also, a defendant can aggravate, or make worse, a prior condition.  In that case, the defendant's act or omission may be a proximate cause of harm.

It is not a defense to negligence that a defendant's actions only aggravated an earlier condition, or that the plaintiff was weak or unusually vulnerable to the injury sustained. On the other hand, for the Plaintiff to recover he must show that some specific injury or damage he sustained resulted directly from the Defendant's negligence, and not simply that he has some non-specific damages that cannot be causally connected to the Defendant's negligence.

**Plaintiff objects to this charge because it was provided  late, does not contain any citations and because Plaintiff has not had a fair opportunity to  research its appropriateness.**

Respectfully submitted by all Parties on this the 7th day of August, 2023,

*/s/ Cayce Peterson*
CAYCE PETERSON (LA Bar #32217)
JEFF GREEN (LA Bar #30531)
JAMES COURTENAY (LA Bar #31681)
GRANT WOOD (LA Bar #36302)
**JJC Law LLC**
3914 Canal St.
New Orleans, Louisiana 70119
T: (504) 513-8820
cayce@jjclaw.com
jeff@jjclaw.com
jimmy@jjclaw.com
grant@jjclaw.com

MICHAEL MAHONE, JR. (LA Bar #32567)
**The Mahone Firm LLC**
5190 Canal Blvd., Suite 102
New Orleans, Louisiana 70124
T: (504) 564-7342
mike@mahonefirm.com

Counsel for Plaintiff, Darryl Cole

*/s/ Karen Holland*
KAREN P. HOLLAND (La. Bar No. 22440)
WALTER P. MAESTRI (La. Bar No. 25776)
**Deutsch Kerrigan, L.L.P.**
755 Magazine St.
New Orleans, LA 70130
Telephone: 504-581-5141
kholland@deutschkerrigan.com
wmaestri@deutschkerrigan.com

JAMES A. CROUCH, JR. (La. Bar No. 35729)
**Staines, Eppling & Kenney**
3500 N. Causeway Blvd., Suite 820
Metairie, Louisiana 70002
Telephone: 504-838-0019
james@seklaw.com

Counsel for Defendant, Pharma-Safe

*/s/ Michael A. McGlone*
Michael A. McGlone (#9318)
R. Chauvin Kean (#36526)
**KEAN MILLER LLP**
First Bank and Trust Tower
909 Poydras Street, Suite 3600
New Orleans, LA 70112
(504) 585-3050
(504) 585-3051
mike.mcglone@keanmiller.com
chauvin.kean@keanmiller.com

Counsel for Defendant, Oceaneering

*/s/ Alan R. Davis*
Alan R. Davis (La. Bar No. 31694)
Adelaida J. Ferchmin (La. Bar No. 29859)
Lorin R. Scott (La. Bar No. 38888)
**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Phone: 504-568-1990 | Fax: 504-310-9195
adavis@lawla.com
aferchmin@lawla.com
lscott@lawla.com

Counsel for Defendant, Huisman

*/s/ Bill Bradley*
C. WM. BRADLEY JR. (#03371)
RICHARD S. CRISLER, T.A. (#28007)
BRODIE G. GLENN (La. Bar No. 33152)
CHRISTOPHER R. HANDY (#38768)
**Bradley Murchison Kelly & Shea, LLC**
1100 Poydras Street, Suite 2700
New Orleans, LA 70163
bbradley@bradleyfirm.com
rcrisler@bradleyfirm.com
bglenn@bradleyfirm.com
chandy@bradleyfirm.com
Counsel for Defendant, Dr. Davis

## **COMPLIANCE WITH LOCAL RULE 5.4**

All parties to this civil action are electronic filers and will receive notice of this filing and its attachments through the court's electronic filing system.

*/s/ Cayce Peterson*
Cayce C. Peterson